DIEMER & WEI, LLP
Kathryn S. Diemer, SBN 133977
Susan B. Luce, SBN 120843
100 W. San Fernando Street, Suite 555
San Jose, CA 95113
408-971-6270
sluce@diemerwei.com

Attorneys for Loraine Wong,
Kendall Ng and Mark Ng

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-31024 HLB |
| RICHARD TOM, aka Rich Tom, | Chapter 7 |
| DEBTOR | |
| LORAINE WONG, KENDALL NG and MARK NG, | Adv. Proc. No. : |
| Plaintiffs, | **COMPLAINT TO DETERMINE DEBTS TO BE EXCEPTED FROM DISCHARGE (11 U.S.C. §§ 523(a)(2)(A); 523(a)(6) and 523(a)(9))** |
| v. | |
| RICHARD TOM, | |
| Defendant. | |
| | Judge: Hon. Hannah L. Blumenstiel |

Plaintiffs, Loraine Wong, Kendall Ng and Mark Ng, bring this adversary complaint pursuant to 11 U.S.C.§§ 523(a)(2)(A), 523(a)(6) and 523(a)(9) to request an order determining that the judgment obtained by Plaintiffs against Defendant Richard Tom and the accompanying debt owed by Richard Tom to Plaintiffs is excepted from discharge.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.
2. This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (B)(2)(i).
3. Venue in the Northern District of California is proper under 28 U.S.C. § 1409(a).

**PARTIES**

4. Plaintiffs are individuals residing in Santa Clara County, California.
5. Plaintiffs are judgment creditors of Debtor/Defendant Richard Tom and have standing to bring this adversary proceeding.
6. Plaintiff Loraine Wong is married to Mark Ng and is the mother of Plaintiff Kendall Ng.
7. Plaintiff Mark Ng is the husband of Loraine Wong and the father of Plaintiff Kendall Ng.
8. Defendant Richard Tom ("Defendant") is an individual Debtor under Chapter 7 whose petition was filed in the San Francisco Division of the United States Bankruptcy Court for the Northern District of California.
9. Defendant is an adult residing in San Francisco County, California.

# GENERAL ALLEGATIONS

10. On the evening of February 19, 2007, Defendant and a friend had dinner and drinks.

11. At approximately 8:20 P.M., Defendant drove on the residential streets of San Carlos where the posted speeds were between 30 and 35 miles per hour.

12. At that time, Defendant was driving on the residential streets at speeds in excess of 85 miles per hour, more than 45 to 50 miles per hour over the posted limits.

13. At that time, Defendant was intoxicated as shown by his blood alcohol level.

14. Defendant was driving more than 51 miles per hour in the residential area when he sped into an intersection where he knew visibility was impaired.

15. Defendant collided with the vehicle driven by Plaintiff Loraine Wong ("Loraine").

16. In the car with Loraine were her two daughters, Sydney Ng ("Sydney") and Plaintiff Kendall Ng ("Kendall").

17. The collision caused the death of Sydney. She was eight years old.

18. Sydney was the daughter of Loraine Wong and Plaintiff Mark Ng ("Mark"). She was Kendall's sister.

19. The collision caused serious physical and emotional injuries to Loraine, Kendall and Mark Ng ("Ngs").

20. On August 3, 2007, Plaintiffs initiated suit against Defendant in the Superior Court of California, County of San Mateo, Case No. CIV 464944. The suit was to recover for the death of Sydney and the injuries incurred by Plaintiffs.

21. The matter was tried before a jury of twelve persons over a period of 19 days.

22. On October 10, 2012, Judgment on Special Verdict ("Judgment") was entered in favor of Plaintiffs Loraine, Kendall and Mark. (Exhibit 1, attached hereto and incorporated herein).

23. The jury found that Defendant was 100% at fault and that Defendant acted with malice or oppression in causing injury to Loraine, Kendall and Mark.

24. The jury awarded damages, including punitive damages, to Plaintiffs Loraine, Kendall and Mark in the total amount of $7,258,000.00.

25. Defendant had filed a cross action and was awarded nothing.

26. Defendant appealed to the Court of Appeal of the State of California, First Appellate District, Case No. A137464.

27. The judgment of the trial court was affirmed by Justice Margulies, Justice Dondero and Presiding Justice Humes. (Exhibit 2, attached hereto and incorporated herein).

28. The Appellate Court noted,

> *It was not Tom's speed alone that supported a finding of malice, it was his decision to use very excessive speed at night, while approaching an intersection he knew to have an impaired view, while his judgment was impaired by alcohol*

(Exhibit 2, page 9).

29. Plaintiffs renewed their judgment on January 31, 2019. (Exhibit 3, attached hereto and incorporated herein).

30. At the time of the accident, Defendant owned and controlled interests in real property located at 532-536 Green Street in San Francisco ("Property"). The Property is a five-unit, mixed use building consisting of 4 residential apartments and a ground floor commercial unit.

31. The Property was Defendant's only major asset which could be used for satisfaction of his debt to Plaintiffs.

32. On October 9, 2007, two months after Plaintiffs filed the personal injury lawsuit, Green Oasis, LP ("GOLP") was created. Justin Tom, Defendant's son, was the named General partner.

33. By Grant Deed recorded on November 16, 2007, three months after the Plaintiffs filed the personal injury lawsuit, Defendant's son Justin transferred his 50% interest in the Property to GOLP.

34. By the same Grant Deed recorded on November 16, 2007, Defendant, as Trustee of the Trust of Richard Tom dated September 7, 2004, transferred his 50% interest in the Property to GOLP.

35. The members of GOLP were Defendant, Richard Tom, and his son, Justin. Justin Tom was a 1% General partner and 49% Partner of GOLP. Defendant was a 50% partner of GOLP.

36. Defendant, at all times, had control and influence over GOLP's actions and assets.

37. In May of 2010, during the personal injury litigation, Defendant transferred 32% of his 50% interest in GOLP to Winnie Jiang, the mother of his son, Garrett. Ms. Jiang lives in the Property. That transfer left Defendant with an 18% interest in GOLP.

38. At a date unknown to Plaintiffs, Defendant transferred 4% of his interest in GOLP to Giovanni Torracca. That transfer left Defendant with a 14% interest in GOLP.

39. On November 21, 2013, approximately a year after the judgment in favor of Plaintiffs in the personal injury suit was entered, and two days after judgment was entered in the fraudulent transfer case, the Defendant transferred his remaining 14% interest in GOLP to God's Grace Irrevocable Trust.

40. Defendant's son, Garrett, is the beneficiary of God's Grace Irrevocable Trust and Defendant, Richard Tom, is its Trustee.

41. On October 26, 2010, Plaintiffs Mark Ng and Loraine Wong had commenced Case No. CGC-10-504874 in the Superior Court of San Francisco. The Verified Complaint to Set

Aside Fraudulent Transfers and for Damages was brought against Debtor/Defendant Richard Tom and the entities and persons to whom he had transferred his assets.

42. On November 19, 2013, the San Francisco Superior Court entered Judgment on Special Verdict (Exhibit 4, attached hereto and incorporated herein).

43. The Superior Court of San Francisco found that several of the transfers described above were done by Defendant to delay, to hinder, or to defraud the Plaintiffs. The Court found other reasons to make some of the transfers not voidable at that time.

44. The Superior Court of San Francisco found that the transfer of Defendant's 32% interest in GOLP was done with the intent to hinder, delay or defraud. However, as it was part of a Family Court decision, the Superior Court did not disturb the decision of the Family Court.

45. The Superior Court of San Francisco found that the transfer of Defendant's last 14% interest in GOLP was available for payment towards satisfaction of the judgment arising from the motor vehicle collision as it was proven to be a fraudulent transfer.

46. In October of 2015, Metropolitan Bank had the Property appraised. The "As Is" value was $3,150,000.

47. On February 17, 2016, GOLP granted a deed of trust to Metropolitan Bank to secure a Note in the amount of $900,000.00 by the Property. The deed of trust was signed by Defendant, as manager of Pacific Golden Asia, LLC which was the new General Partner of GOLP. The document was recorded on February 23, 2016.

48. Pacific Golden Asia, LLC, which became a General partner for GOLP, was created in 2015. On October 9, 2017, its managing member was Kenesha Fudge, Defendant's niece. Defendant is its Agent for Service of Process. Its California address is the Green Street Property.

49. God's Grace Irrevocable Trust was created by Defendant as a vehicle for the transfer of his remaining interest in GOLP. Defendant is the Trustee and his son Garret is the beneficiary.

# FIRST CLAIM FOR RELIEF
## U.S.C. § 523(a)(2) –Actual Fraud

50. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 through 49 herein as though fully set forth.

51. Pursuant to §523(a)(2)(A), a debtor will not be discharged for debts obtained by actual fraud.

52. Actual fraud encompasses the kind of conduct carried on by Defendant, the wrongful, methodical and premeditated transfer of assets by Defendant to hide them from Plaintiffs, his creditors.

53. Defendant engaged in a scheme to impair and impede Plaintiffs' ability to collect on their judgment.

54. After the death of Sydney Ng and after inflicting severe injuries upon her family, Defendant began to rid himself of title to his one major asset, the Green Street Property, in order to put it beyond the reach of Plaintiffs

55. Defendant intentionally acted to conceal and hinder and defraud Plaintiffs every step of the way in their efforts to collect.

56. Defendant used his family members and various entities he controlled as shields and elements in his scheme of to conceal his assets.

57. At the time Defendant commenced ridding himself of assets, he knew he was responsible for Sydney's death and Plaintiffs' injuries.

58. Defendant continued transferring assets despite the existence of the personal injury action, the fraudulent conveyance action and the judgments thereon. His contempt of the law was blatant.

59. Defendant's engaging in the methodical and fraudulent transfer of his property, to Plaintiffs' detriment, constitutes actual fraud.

60. By Grant Deed recorded on November 16, 2007, Defendant transferred his 50 % ownership of the Green Street Property to GOLP. GOLP was created on October 9, 2007, only three months after Plaintiffs brought their personal injury action against Defendant and eight months after the motor vehicle collision which ended Sydney's life and seriously injured her family.

61. This transfer was found to have been made to delay, to hinder or to defraud Plaintiffs in connection with the claims arising from the collision. (Exhibit 4, p.2).

62. Defendant continued his scheme to defraud by the transferring 32% his interest in GOLP to his live-in partner, Winnie Jiang.

63. Defendant continued the fraudulent scheme by transferring 4% of his interest in GOLP to Giovanni Torracca.

64. Defendant completed his fraudulent scheme when he transferred the last 14% of his interest in GOLP to God's Grace Irrevocable Trust, the trust he created for his son and for which he is the Trustee.

65. The San Francisco Superior Court found that the transfer of the 32% interest in GOLP to Winnie Jiang was made with the intent to hinder, delay or defraud Plaintiffs, but as it was ordered by the Family Law Division, it declined to void or alter of vacate the Family Law order (Ex. 4).

66. The San Francisco Superior Court found that the transfer of the Defendants 14% interest in GOLP to God's Grace Irrevocable Trust was available for payment toward satisfaction of Plaintiffs' debt arising from the death of Sydney Ng and the injuries to her family (Ex. 4).

67. These transfers were fraudulent because they were transferred to entities or persons under Defendant's control, mostly for no consideration.

68. The transfers caused Defendant to become insolvent as his major asset, valued at over three million dollars in 2015, was no longer available to him to satisfy the seven million dollar judgment against him.

69. All of the transfers were made when Defendant knew he would be facing legal consequences for the death of Sydney and the injuries to Plaintiffs.

70. Plaintiffs request the Court adjudge these transfers to violate Section 523(a)(2)(A) of the Bankruptcy Code as actual fraud and, therefore, Defendant's indebtedness to Plaintiffs constitutes a non-dischargeable debt.

**SECOND CLAIM FOR RELIEF**
**11 U.S.C. § 523(a)(6) – For Willful and Malicious**
**Injury Caused by the Debtor**

71. Plaintiffs re-allege and incorporate herein the allegations contained in Paragraphs 1 – 70 as though fully incorporated herein.

72. Defendant drank with his friend knowing he would be driving home after dinner.

73. When Defendant drove his motor vehicle excessive speeds, he intended to cause harm.

74. When Defendant drove at 51 miles per hour (according to his expert at trial) or higher than 67 miles per hour (according to the police evidence) through an intersection in a

residential area where the posted limit was 35 miles per hour, he intended to cause the harm inflicted on Sydney and her family.

75. Defendant intentionally drove at high speed through the residential intersection where he knew the visibility was impaired.

76. Defendant intentionally drove while under the influence of alcohol.

77. In doing so, Defendant had a subjective motive to inflict injury. He believed and knew that injury was substantially certain to happen as a result of his driving after drinking, his excessive speeding and his plowing through an intersection in a residential intersection.

78. Defendant's acts of driving at high speed through an intersection which he knew had poor visibility while he was intoxicated were willful and malicious and unlawful.

79. Defendant's driving under the influence was wrongful and malicious.

80. Defendant's speeding through an intersection in a residential area which he knew had impaired visibility was unlawful.

81. Defendant's driving under the influence and speeding through an intersection in a residential area were intentional acts he knew would cause harm to others.

82. Defendant's intentional acts necessarily caused the death of Sydney Ng.

83. Defendant's intentional acts necessarily caused severe physical and emotional injuries to Loraine and Kendall.

84. Defendant's intentional acts necessarily caused the mental anguish and emotional damage suffered by Mark.

85. Defendant had no justification or excuse for his actions.

86. A jury of twelve people found the Defendant acted with malice or oppression when committing these acts.

87. Defendant had no just cause nor just excuse for driving the way he did, especially when he knew he had been drinking. Defendant was substantially certain that injury would result from his acts.

88. As a result of Defendants wrongdoing, the Superior Court of California, County of San Mateo, Case No. CIV 464944, awarded to Plaintiffs Loraine Wong, Mark Ng and Kendall Ng:

   a. $8,000.00 in punitive damages.

   b. $2,500,000.00 for personal injuries, including emotional distress as the result of witnessing the death of Sydney Ng and injury to Kendall Ng.

   c. $250,000.00 for the loss of his wife's love, companionship, comfort, care, assistance, protection, society and moral support.

   d. $2,500,000.00 as past non-economic damages for the wrongful death of Sydney Ng.

   e. $1,500,000.00 as future non-economic damages for the wrongful death of Sydney Ng.

   f. $1,764.73 for Sydney Ng's funeral and burial expenses.

89. As a result of Defendant's intentional, willful and malicious acts, the judgment of the Superior Court of San Mateo should be determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

### THIRD CLAIM FOR RELIEF
**11 U.S.C. § 523(a)(9) – For Death or Personal Injury Caused by the Debtor's Operation of a Motor Vehicle while Intoxicated**

90. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 – 89 inclusive as though fully set forth.

91. The death of Sydney Ng was caused by Defendant's operation of a motor vehicle while under the influence of alcohol and while driving at excessive and dangerous speed.

92. The personal injuries incurred by Plaintiffs were all caused by Defendant's operation of a motor vehicle while he was impaired by alcohol and while driving at excessive and dangerous speeds.

93. Defendant's blood alcohol level was 0.04% as shown by a blood alcohol test taken three hours after the accident.

94. At two hours after the crash, Defendant failed a field sobriety test.

95. Defendant was shown to have attempted to cheat a breathalyzer test by covering the device with his tongue and lips and not blowing any air into the device.

96. The expert at trial testified that, based upon his alcohol level three hours after the crash, his blood alcohol level at the time of the accident was between 0.09 and .10 percent, over the legal limit.

97. The damages were awarded because Defendant operated his motor vehicle while he was intoxicated and under the influence of alcohol.

100. Defendant's driving was unlawful and caused the death of Sydney Ng.

101. Defendant's unlawful operation of his car while intoxicated caused the physical and emotional damage which continues to be suffered by Plaintiffs Loraine and Kendall and Mark.

102. The judgment against Defendant has determined the amount of damages suffered by Plaintiffs. Interest and other costs and fees continue to add to their loss.

103. Plaintiffs request this Court find Defendant's unlawful actions to violate Section 523(a)(9) of the Bankruptcy Code and, that as a result, Defendant's indebtedness to Plaintiffs is non-dischargeable.

**PRAYER**

WHEREFORE, Plaintiffs respectfully request that this Court find:

The debt owed to Plaintiffs by Defendant is non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(2)(A), 11 U.S.C. §§ 523 523 (a)(6); and/or 11 U.S.C. §§ 523 (a)(9);

And for such other relief the Court deems just and proper.

Respectfully submitted,

Dated: December 27, 2019             DIEMER & WEI, LLP


*/s/ Susan B. Luce*
Attorneys for Plaintiffs