

Signed and Filed: March 4, 2020

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 19-31024 HLB |
| RICHARD TOM, | Chapter 7 |
|     Debtor. | |
| MARK NG, LORAINE WONG and KENDALL NG, | Adv. Proc. No. 19-03065 HLB |
|     Plaintiffs, | |
| v. | |
| RICHARD TOM, | |
|     Defendant. | |

**TENTATIVE RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter comes before the court on Defendant Richard Tom's Motion to Dismiss Complaint to Determine Debts to Be Excepted from Discharge (11 U.S.C. §§ 523(a)(2)(A); 523(a)(6) and 523(a)(9));[1] (Dkt. 6; the "Motion"). Plaintiffs Mark Ng, Loraine Wong, and Kendall Ng[2] have opposed the Motion (Dkt. 9); Mr. Tom has replied (Dkt. 10). The court has reviewed the pleadings carefully and for the reasons that follow, the court

---

[1] Unless otherwise noted, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code."

[2] For simplicity's sake, the court will refer to Mr. Ng, Ms. Wong, and Ms. Ng collectively as "Plaintiffs".

is inclined to **GRANT IN PART and DENY IN PART** Mr. Tom's request for judicial notice and to **DENY** the Motion.

I.  REQUEST FOR JUDICIAL NOTICE

The court first addresses Mr. Tom's request for judicial notice, which Plaintiffs have opposed in part.  As a general rule, a court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted).  Civil Rule 12(b)(6), made applicable to adversary proceedings by Bankruptcy Rule 7012, provides that, when a court considers materials outside the pleadings, the motion shall be treated as one for summary judgment.[3]  A court, however, can consider certain extraneous materials without converting a motion to dismiss to a motion for summary judgment.  Such materials include:  (1) material properly submitted as part of the complaint; (2) material not attached to the complaint but upon which the plaintiff necessarily relies, and the authenticity of which is not contested; and (3) matters of public record.  Lee, 250 F.3d at 688-89.

Mr. Tom asks the court to take judicial notice of nine exhibits.[4]  The court is inclined to **DENY** the request for judicial notice of Exhibits 1, 3, 4, 6, 7, and 8, which do not

---

[3] Unless otherwise indicated, all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[4] Both parties request that the court not convert the Motion to a summary judgment motion, and in his reply, Mr. Tom expressly withdrew any exhibit the court might deem inappropriate for judicial notice in the context of the Motion.

assist in the adjudication of the Motion, and to **GRANT** the request as to Exhibits 5 and 9, which were attached to the complaint, and as to Exhibit 2, which clarifies the procedural posture of certain pre-petition litigation involving the parties.[5,6]

## II. ALLEGATIONS IN THE COMPLAINT

For purposes of this Motion, the court accepts all allegations in the Complaint [7] as true and construes them in the light most favorable to Plaintiffs. Lee, 250 F.3d at 679.

On the evening of February 19, 2007, Mr. Tom had dinner and drinks with a friend. After dinner, at approximately 8:20 p.m., while intoxicated by alcohol, Mr. Tom sped through a residential area in San Carlos, California, driving at speeds in excess of 85 miles per hour; 45-50 miles per hour over the posted speed limit. He sped into an intersection which he knew had limited visibility and crashed into a car driven by Ms. Wong with her two daughters – Sydney Ng and Kendell Ng – as passengers. The crash killed 8-year-old Sydney and caused serious physical and emotional harm to Ms. Wong, Kendell Ng, and her father, Mark Ng.

On August 3, 2007, Plaintiffs filed the Wrongful Death Action against Mr. Tom. After a 19-day jury trial, on October 10, 2012, the state court entered Judgment on Special Verdict ("Judgment") in favor of Plaintiffs. The jury found Mr. Tom 100%

---

[5] People v. Tom, Case No. SC 064912A (San Mateo Sup. Ct.) (the "Criminal Action").

[6] Loraine Wong, Mark Ng, Kendall Ng, a minor, by and through her Guardian ad litem, Mark Ng, Plaintiffs, v. Richard Tom, Case No. CIV-464944 (San Mateo Sup. Ct.) (filed August 3, 2007) (the "Wrongful Death Action").

[7] Dkt. 1.

at fault and found that he acted with malice or oppression in causing injury to Plaintiffs. The jury awarded Plaintiffs damages, including punitive damages, of $7,258,000.00. The California Court of Appeal affirmed the Judgment, noting, "It was not Tom's speed alone that supported a finding of malice, it was his decision to use very excessive speed at night, while approaching an intersection he knew to have an impaired view, while his judgment was impaired by alcohol."[8]

At the time of the accident, Mr. Tom, through the Trust of Richard Tom dated September 7, 2004 the "Trust"), owned and controlled a 50% interest in real property located at 532-536 Green Street in San Francisco (the "Property"). As of October 2015, the Property had an estimated value of $3,150,000. It is the only major asset Mr. Tom had to satisfy the Judgment.

On October 2007, two months after Plaintiffs filed the Wrongful Death Action, Green Oasis LP ("GOLP") was created. Mr. Tom held a 50% partnership interest in GOLP.[9]

After forming GOLP, Mr. Tom made the following transfers (the "Transfers") relating to the Property:

- By grant deed recorded on November 16, 2007, Mr. Tom transferred his Trust's 50% interest in the Property to GOLP.
- In May 2010, while the Wrongful Death Action was pending, Mr. Tom transferred 32% of his 50% interest in

---

[8] Complaint, Ex. 2 at p. 9.

[9] Mr. Tom's son, Justin Tom, held the remaining 50% partnership interest, 1% of which he held as general partner.

GOLP to Winnie Jiang, the mother of his son, Garrett Tom.[10]

- Mr. Tom transferred 4% of his interest in GOLP to Giovanni Torracca on an unknown date.

- On November 21, 2013, approximately one year following entry of the judgment in the Wrongful Death Action and just two days following entry of judgment in the Fraudulent Transfer Action (see FN 10, below), Mr. Tom transferred his remaining 14% interest in GOLP to God's Grace Irrevocable Trust, of which his son, Garrett, is the beneficiary and of which Mr. Tom is the Trustee.

On October 26, 2010, Plaintiffs Mark Ng and Loraine Wong filed a lawsuit[11] against Mr. Tom in San Francisco Superior Court (the "Superior Court") to set aside the Transfers. After a jury trial, the Superior Court entered a Judgment on Special Verdict on November 19, 2013[12] ruling as follows with respect to the Transfers:

- Mr. Tom's transfer of his Trust's 50% interest in the Property to GOLP was done with intent to hinder, delay, or defraud Mr. Ng and Ms. Wong in connection with the Wrongful Death Action; but GOLP took the interest in good faith for reasonably equivalent value, so the transfer was not avoided.

---

[10] Ms. Jiang lives in the Property.

[11] Mark Ng, et al. v. Richard Tom, et al., Case No. CGC-10-504874 (San Francisco Sup. Ct.) (filed October 26, 2010) (the "Fraudulent Transfer Action").

[12] Complaint, Ex. 4.

- Mr. Tom's transfer of 32% of his 50% interest in GOLP to Winnie Jiang was done with intent to hinder, delay, or defraud Mr. Ng and Ms. Wong in connection with the Wrongful Death Action; Ms. Jiang did not take the interest in good faith or for reasonably equivalent value; but the transfer was done pursuant to a family court order, which the Superior Court declined to disturb; Mr. Ng and Ms. Wong were authorized to seek relief in the family court.

The Superior Court did not address Mr. Tom's transfer of 4% of his interest in GOLP to Giovanni Torracca. The Superior Court ruled that Mr. Tom's remaining 14% interest in GOLP was available for satisfaction of the Judgment, as he had not yet transferred it to God's Grace Irrevocable Trust. On February 17, 2016, GOLP encumbered the Property with a lien in favor of Metropolitan Bank, purportedly to secure a $900,000 loan. Mr. Tom signed the Metropolitan Bank deed of trust as manager of Pacific Golden Asia LLC, the new General Partner of GOLP.

On September 26, 2019, Mr. Tom filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. He disclosed assets worth just $36,038.66 and liabilities of $7,446,760.63, which consist nearly entirely of the Judgment.

Plaintiffs timely commenced this action on December 27, 2019. They assert that the court should declare the Judgment nondischargeable, pursuant to section 523(a)(2); section 523(a)(6); and 523(a)(9). In his Motion, Mr. Tom asserts that each claim for relief fails as a matter of law under a theory of

collateral estoppel and asks that the entire complaint be dismissed with prejudice.

**III. LEGAL STANDARD(S)**

    **a. Civil Rule 12(b)(6) Standard**

Civil Rule 12(b)(6) and Bankruptcy Rule 7012, govern motions to dismiss for failure to state a claim. To survive such a challenge, a complaint must state a claim for relief that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court construes the facts in the complaint liberally in favor of the plaintiff and generally accepts them as true. Id. The complaint must, however, allege "more than a sheer possibility that a defendant has acted unlawfully." Id.

The notice pleading standard under the Federal Rules requires a short and plain statement of the claims alleged. Diaz v. Int'l Longshoremen's & Warehousemen's Union, Local 13, 474 F.3d 1202, 1205 (9th Cir. 2007); Civil Rule 8(a); Bankruptcy Rule 7008. When a court reviews the sufficiency of a complaint, "the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claims." Diaz, 474 at 1205 (internal quotation marks and citation omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 544. "The court may not dismiss the complaint unless the plaintiffs cannot prove any set of facts in support of the claim that would entitle them to relief." Diaz, 474 F.3d at 1205.

If the court dismisses a claim pursuant to Civil Rule 12(b)(6) and Bankruptcy Rule 7012, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

**b. Section 523(a)(2)(A) Pleading Standard**

Section 523(a)(2)(A) excepts from discharge debts incurred by way of "false pretenses, false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). To successfully plead a claim under section 523(a)(2)(A), a plaintiff usually must allege: (1) the debtor made a representation; (2) at the time the debtor knew the representation was false; (3) the debtor made the representation with the intention of deceiving the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained damage as the proximate result of the representation having been made. In re Eashai, 87 F.3d 1082, 1086 (9th Cir. 1996).

Those five elements, however, need not be pled when the claim arises out of an alleged fraudulent transfer. "The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." Husky Int'l Elecs., Inc. v. Ritz, 136 S. Ct. 1581, 1586 (2016). "Fraudulent conveyances typically involve a transfer to a close relative, a secret transfer, a transfer of title without transfer of possession, or grossly inadequate consideration." Id. at 1587. "In such cases, the fraudulent

conduct is not in dishonestly inducing a creditor to extend a debt. It is in the acts of concealment and hindrance." Id.

### c. Section 523(a)(6) Pleading Standard

Section 523(a)(6) excepts from discharge debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Section 523(a)(6) requires application of a two-pronged test: The creditor must plead and prove that the debtor's conduct in causing the injuries was both willful and malicious. In re Su, 290 F.3d 1140, 1146 (9th Cir. 2002).

To meet the willfulness requirement, the injury itself must be deliberate or intentional, and not merely a deliberate or intentional act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). Thus, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Id. at 64. The creditor must demonstrate that "the debtor has a subjective motive to inflict injury or [] the debtor believes that injury is substantially certain to result from his own conduct." Su, 290 F.3d at 1142. The debtor must have intended the consequence of the act, not just the act itself. Kawaauhau at 61-62. In addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action. Su at 1146 n.6.

To meet the maliciousness requirement, a creditor must demonstrate that "the injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4)

is done without just cause or excuse." Id. at 1146-47 (internal quotation marks and citation omitted). "Malice may be inferred from the nature of the wrongful act." In re Littleton, 942 F.2d 551, 554 (9th Cir. 1991). When establishing malice, plaintiff need not show that the debtor intended the injury; "it is only necessary to show that the debtors committed a wrongful act which necessarily produced harm and was without just cause or excuse." Id.

"[T]he voluntary acts of drinking and driving while intoxicated constitute conduct sufficiently intentional to support a finding of willfulness and malice, as contemplated by section 523(a)(6)." Moraes v. Adams (In re Adams), 761 F.2d 1422, 1427 (9th Cir. 1985). "[D]ebts arising from liabilities which are incurred as a result of drunk driving, whether such conduct occurred before or after enactment of the 1984 amendment [establishing section 523(a)(9)], are nondischargeable." Id.

### d. Section 523(a)(9) Pleading Standard

Section 523(a)(9) excepts from discharge debts arising from "death or personal injury caused by the debtor's operation of a motor vehicle . . . if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 523(a)(9).

The purpose of section 523(a)(9) is threefold: "(1) to deter drunk driving; (2) to ensure that those who caused injury by driving drunk [do] not escape civil liability through the bankruptcy laws; and (3) to protect victims of drunk driving." In re Hudson, 859 F.2d 1418, 1423 (9th Cir. 1988).

**e. California Collateral Estoppel/Issue Preclusion**

"Principles of collateral estoppel apply to proceedings seeking exceptions from discharge brought under 11 U.S.C. § 523(a)." In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991)). "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." Id. (citations omitted).

"In California, '[c]ollateral estoppel precludes relitigation of issues argued and decided in prior proceedings.'" Id. (quoting Lucido v. Sup. Ct., 51 Cal. 3d 335, 272 (1990) (in bank)). "California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine." Id. (citing Lucido at 1225-26).

As a threshold, the issue sought to be precluded must: **(1)** be identical to that decided in a former proceeding; **(2)** have been actually litigated and **(3)** necessarily decided in the former proceeding; **(4)** the decision in the former proceeding must be final and on the merits; and **(5)** the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Id. (citing Lucido at 1225); Readylink Healthcare, Inc., v. State Compensation Ins. Fund, 754 F.3d 754, 760-61 (9th Cir. 2014). "The party asserting collateral estoppel bears the burden of establishing these

requirements." <u>Harmon</u>, 250 F.3d at 1245 (quoting <u>Lucido</u> at 1225).

If the party asserting collateral estoppel establishes the threshold requirements, the court must then consider whether application of issue preclusion would further public policies including the "'preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigants.'" <u>Readylink Healthcare</u>, 754 F.3d at 761 (quoting <u>Lucido</u> at 341).

The Supreme Court of the United States has held that "an acquittal in a criminal case does not preclude the [relitigation of] an issue when it is presented in a subsequent action governed by a lower standard of proof." <u>Dowling v. U.S.</u>, 493 U.S. 342, 349 (1990). "[T]he difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel." <u>Id.</u> (internal quotation marks and citation omitted).

**IV. DISCUSSION**

**a. Claim for Relief under Section 523(a)(2)(A)**

Plaintiffs base their claim for relief under section 523(a)(2)(A) on their allegations that Mr. Tom fraudulently transferred his Trust's interest in the Property and his interest in GOLP to avoid paying the Judgment. Mr. Tom argues that the Judgment on Special Verdict in the Fraudulent Transfer Action precludes this claim as a matter of law. Plaintiffs counter that the allegations suffice for a 523(a)(2)(A) fraud claim under <u>Husky</u>. The court is inclined to agree with Plaintiffs.

First, the Superior Court did not address Mr. Tom's 4% transfer of his GOLP interest to Giovanni Torracca, the 14% transfer of his GOLP interest to God's Grace Irrevocable Trust, or GOLP's transfer of a deed of trust against the Property to Metropolitan Bank to secure a $900,000 note. Because the Judgment on Special Verdict does not address these transfers, they cannot be subject to collateral estoppel.

Mr. Tom also argues that Plaintiffs waived their claim as to the 14% transfer of GOLP to God's Grace Irrevocable Trust based on statements in an email from Plaintiffs' state court counsel. Not only is this a factual argument going to the merits of the claim, an unauthenticated email is not a proper subject for judicial notice. Accordingly, the court is inclined to reject this argument.

As to Mr. Tom's transfer of his 50% interest in the Property to GOLP, the Superior Court found that it was done with the intent to hinder, delay, or defraud Mr. Ng and Ms. Wong. The Superior Court did not void that transfer, however, because it found that GOLP took the interest in good faith and for fair value. While the Superior Court's ruling collaterally estops Plaintiffs from asserting that GOLP did not take the interest in the Property in good faith and for fair value, that alone does not cause Plaintiffs' section 523(a)(2)(A) claim to fail. The finding of Mr. Tom's fraudulent intent is relevant to Plaintiffs' claim in light of the other transfers, whether or not that specific transfer can support the claim.

As to Mr. Tom's transfer of 32% of his 50% interest in GOLP to Winnie Jiang, the Superior Court ruled that Mr. Tom made that

-13-

transfer with the intent to hinder, delay, or defraud Mr. Ng and Ms. Wong, and that Ms. Jiang did not accept that interest in good faith or for fair value. These findings could support a claim under section 523(a)(2)(A). The fact that the Superior Court did not void the transfer because it was done pursuant to a family court order with which the Superior Court was unwilling to tamper does not change the nature of the transfer, nor does it collaterally estop Plaintiffs from asserting that Mr. Tom effected the transfer with fraudulent intent and for less than fair value.

Accordingly, the court is inclined to **DENY** the Motion with respect to the claim for relief under section 523(a)(2)(A).

### b. Claim for Relief under Section 523(a)(6)

Mr. Tom argues that Plaintiffs' claim under section 523(a)(6) fails for three reasons: **(1)** they have not adequately pled the elements of collateral estoppel; **(2)** under <u>Kawaauhau v. Geiger</u> they cannot establish the willful element because they cannot allege that Mr. Tom intended to cause the injuries suffered by Plaintiffs; and **(3)** Mr. Tom was acquitted of alcohol related charges in the Criminal Action.

Plaintiffs point out, and the court is inclined to agree, that that they do not need to plead the elements of collateral estoppel – which is a legal argument – to state a claim for relief under section 523(a)(6). Plaintiffs also contend that they have adequately pled all elements of a claim under section 523(a)(6) and that <u>Kawaauhau</u> is inapposite because Plaintiffs allege more than mere negligence or recklessness; they allege

intentionally dangerous driving sufficient to support a 523(a)(6) claim. The court is inclined to agree with Plaintiffs.

Addressing the willfulness element of a section 523(a)(6) claim, the Supreme Court held that the injury itself must be deliberate or intentional, and not merely a deliberate or intentional act that leads to injury. Kawaauhau, 523 U.S. at 61-62. Kawaauhau also acknowledged that 523(a)(6) encompasses intentional torts (Id. at 62). If a debtor believes that injury is substantially certain to result from his own conduct, the injury is willful. Su, 290 F.3d at 1142.

Plaintiffs allege exactly that: "Defendant had a subjective motive to inflict injury. He believed and knew that injury was substantially certain to happen as a result of his driving after drinking, his excessive speeding and his plowing through an intersection in a residential intersection."[13] Finally, as discussed below, the court is inclined to find that Mr. Tom's acquittal of alcohol related charges in the Criminal Action has no bearing on Plaintiffs' claim for relief under 523(a)(6).

Accordingly, the court is inclined **DENY** the Motion with respect to the claim for relief under section 523(a)(6).

### c. Claim for Relief under Section 523(a)(9)

Plaintiffs allege that they suffered injury as a result of Mr. Tom's illegal driving while under the influence of alcohol. Mr. Tom argues that Plaintiffs' claim fails as a matter of law under a theory of collateral estoppel because Mr. Tom was acquitted of all alcohol-related charges in the Criminal Action.

---

[13] Complaint, ¶ 77.

Plaintiffs respond, and the court is inclined to agree, that an acquittal in a criminal proceeding cannot be used as collateral estoppel in a civil proceeding because the burdens of proof differ dramatically. Dowling v. U.S., 493 U.S. at 349.

Mr. Tom concedes this point in his reply, but appears to ask the court to dismiss the claim based on policy considerations required in the second stage of the collateral estoppel analysis, explaining that the incident occurred more than 10 years ago, and pointing out that Plaintiffs did not pursue alcohol-related charges in the Wrongful Death Action, even though they had an opportunity to do so. The court is inclined to reject this argument for two reasons. First, Mr. Tom has not passed the threshold requirements for considering collateral estoppel, so the court need not reach the policy considerations. Second, whether or not it is fair for Plaintiffs to be bringing this claim after the long history of litigation between the parties has no bearing on whether Plaintiffs adequately pled their claim for relief.

Accordingly, the court is inclined to **DENY** the motion as to the claim for relief under section 523(a)(9).

### V. CONCLUSION

For the foregoing reasons, the court is inclined to **GRANT IN PART and DENY IN PART** the request for judicial notice and **DENY** the Motion. On or before March 13, 2020, the court invites the parties to e-mail Courtroom Deputy Benjamin Gapuz (benjamin_gapuz@canb.uscourts.gov) to indicate whether they accept the tentative ruling. If both parties accept the tentative ruling, the court will enter an order consistent with

this tentative ruling and vacate the April 9, 2020 hearing on the Motion.  The court will also continue the April 9, 2020 status conference to **May 21, 2020 at 2:00 p.m.** and set the following deadlines:

(1) On or before **April 9, 2020**, Mr. Tom shall file and serve an Answer to the Complaint, which shall comply with Bankruptcy Rule 7012(b) and B.L.R. 7012-1;

(2) On or before **April 23, 2020** the parties shall conduct the discovery conference required by Bankruptcy Rule 7026/ Civil Rule 26(f)(1);

(3) On or before **May 7, 2020**, the parties shall exchange initial disclosures required by Bankruptcy Rule 7026/Civil Rule 26(a) and file and serve a discovery plan required by Bankruptcy Rule 7026/Civil Rule 26(f)(3);

(4) On or before **May 7, 2020**, Plaintiffs shall file and serve a statement indicating whether they consent to entry of a final judgment by this court, given that Plaintiffs' complaint did not comply with Bankruptcy Rule 7008 or B.L.R. 7008-1.

**\*\*END OF ORDER\*\***

## Court Service List

[None]