United States Bankruptcy Court

Northern District of California

Ng,
    Plaintiff

Tom,
    Defendant

Adv. Proc. No. 19-03065-HLB

# CERTIFICATE OF NOTICE

District/off: 0971-3      User: admin      Page 1 of 1
Date Rcvd: Apr 25, 2022      Form ID: pdfeoapc      Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 27, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| + | Justin Tom, 2710 Melendy Dr. #8, San Carlos, CA 94070-3687 |
| + | Qiu Yue (Winnie) Jiang, 361 Maynard St., San Francisco, CA 94112-1640 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 27, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 25, 2022 at the address(es) listed below:

**Name**      **Email Address**

Alexander James Demitro Lewicki
     on behalf of Plaintiff Kendall Ng alewicki@diemerwei.com

Charlie W. Yu
     on behalf of Witness Green Oasis Limited Partnership cyu@essentiallawgroup.com admin@yulawoffice.com

Kathryn S. Diemer
     on behalf of Plaintiff Kendall Ng kdiemer@diemerwei.com

Susan B. Luce
     on behalf of Plaintiff Kendall Ng sluce@diemerwei.com

TOTAL: 4



Signed and Filed: April 25, 2022

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RICHARD TOM,<br><br>        Debtor.<br><hr>MARK NG, KENDALL NG, and LORAINE WONG,<br><br>        Plaintiffs,<br>v.<br><br>RICHARD TOM,<br><br>        Defendant. | Case No. 19-31024 HLB<br><br>Chapter 7<br><br><br><br><br>Adv. Proc. No. 19-3065 HLB |

### FIFTH ORDER REGARDING DISCOVERY DISPUTE

On April 15, 2022, the court entered its Fourth Order Regarding Discovery Dispute,[1] which described correspondence the court received from counsel for Plaintiffs Mark Ng, Kendall Ng, and Loraine Wong concerning discovery disputes that had arisen with third parties Justin Tom, Qiu Yue ("Winnie") Jiang, Giovanni Torocca, and Marc Weismann. Shortly after the court received Plaintiffs' counsel's letter, it received a response from Mr. Weismann.

---
[1] Dkt. 82 (the "Fourth Order").

- 1 -

The Fourth Order required Mr. Weismann to appear for a continued deposition prior to May 31, 2022 and set forth other requirements concerning Mr. Weismann's production of documents and the location at which his continued deposition should take place. The Fourth Order also set a deadline of April 22 as that by which Mr. Tom, Ms. Jiang, and Mr. Torocca should respond to Plaintiffs' counsel's correspondence and warned that a failure to timely respond would result in the court deeming the non-responding party unopposed to the relief sought.

The court received timely responses from Messrs, Tom and Torocca; Ms. Jiang did not respond. Through counsel, Mr. Torocca disputes Plaintiffs' counsel's assertion that he failed to appear for a deposition, contending that Plaintiffs' counsel failed to provide a link for the intended video deposition. Mr. Torocca represents that he is willing to appear for an in-person deposition, which he asks take place in May 2022 to accommodate his counsel's trial schedule.

Mr. Tom disputes that he was ever properly served with a deposition or document subpoena, although he concedes that "[m]y younger brother was given a copy of a subpoena at some point." He then proceeds to refute the merits of certain of Plaintiffs' allegations concerning his involvement in a scheme to fraudulently transfer assets for the purposes of hindering Plaintiffs' efforts to collect a judgment they obtained against Justin Tom's father, Richard Tom. He claims that Plaintiffs' counsel is "intentionally harassing" him "because they have failed to get the answers they want from Richard Tom," and he

Case: 19-03065    Doc# 89    Filed: 04/27/22    Entered: 04/27/22 21:11:25    Page 3 of 7

opposes having to "sit for any further deposition in this or any other litigation involving the judgment against Richard Tom."

Having carefully considered the responses it received, the court **ORDERS** as follows:

**1.** As to respondent Qiu Yue ("Winnie") Jiang, the court hereby deems her unopposed to Plaintiffs' counsel's request for an order compelling Ms. Jiang to appear for a further deposition and to produce documents in advance of such deposition. The court hereby **ORDERS** Ms. Jiang to appear for a further deposition on a mutually agreeable date no later than **June 30, 2022.** The court further **ORDERS** Ms. Jiang to produce at least 5 business days prior to her continued deposition any and all documents within her possession, custody, or control that are responsive to the subpoena with which she was previously served. Ms. Jiang's continued deposition shall take place in-person, in the offices of Plaintiffs' counsel, and shall last no longer than 7 hours of time on the record. To the extent Plaintiffs' counsel requests leave to file a motion for sanctions as to Ms. Jiang, that request is hereby **DENIED** pending Ms. Jiang's cooperation with this order. If Ms. Jiang fails to comply in good faith with this order, Plaintiffs' counsel may renew their request for leave to file a motion for sanctions.

**2.** As to respondent Giovanni Torocca, the court hereby **ORDERS** Mr. Torocca to appear for deposition on a mutually agreeable date on or prior to **May 31, 2022.** The court further **ORDERS** Mr. Torocca to produce at least 5 business days prior to his deposition any and all documents within his possession, custody, or control that are responsive to the subpoena with

which he was previously served.  Mr. Torocca's deposition shall take place in-person, in the offices of Plaintiffs' counsel, and shall last no longer than 7 hours of time on the record.  To the extent Plaintiffs' counsel requests leave to file a motion for sanctions against Mr. Torocca, that request is hereby **DENIED** pending Mr. Torocca's cooperation with this order.  If Mr. Torocca fails to comply in good faith with this order, Plaintiffs' counsel may renew their request for leave to file a motion for sanctions.

  **3.** As to respondent Justin Tom, the court **ORDERS** Plaintiffs' counsel to serve Mr. Tom with a deposition and document subpoena no later than **April 29, 2022**.  Plaintiffs' counsel shall serve such subpoena by email to justinctom@gmail.com and by first class mail to 2710 Melendy Drive, Apt. 8, San Carlos, CA 94070.  Service of such subpoena in compliance with this order shall constitute valid service.  Such subpoena shall set Justin Tom's deposition for a date on or prior to June 30, 2022 and the court hereby **ORDERS** Plaintiffs' counsel and Justin Tom to meet and confer in good faith as to an acceptable date for such deposition.  Justin Tom's deposition shall take place in-person, in Plaintiffs' counsel's offices, and shall last no longer than 7 hours of time on the record.  The court hereby **ORDERS** Justin Tom to produce at least 5 business days prior to his deposition any and all documents within his possession, custody, or control that are responsive to the subpoena required by this order.  To the extent Plaintiffs' counsel requests leave to file a motion for sanctions against Justin Tom, that request is hereby **DENIED** pending his cooperation

with this order.  If Justin Tom fails to comply in good faith with this order, Plaintiffs' counsel may renew their request for leave to file a motion for sanctions.

    **4.**    The court **ORDERS** that the current fact discovery deadline of April 1, 2022[2] is suspended pending completion of the discovery required by this order.

**END OF ORDER**

---

[2] Dkt. 44.

## **Court Service List**

Justin Tom
2710 Melendy Drive, Apt. 8
San Carlos, CA 94070

Justin Tom
justinctom@gmail.com

Charlie W. Yu (counsel for Giovanni Torocca)
cyu@essentiallawgroup.com

Qiu Yue ("Winnie") Jiang
361 Maynard Street
San Francisco, CA 94112

Qiu Yue ("Winnie") Jiang
winnie_92001@yahoo.com