Entered on Docket
May 03, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

MAY 3 2022

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-22-1030 |
| RICHARD TOM, | Bk. No. 19-31024 |
| Debtor. | Adv. No. 19-03065 |
| RICHARD TOM, | |
| Appellant, | |
| v. | **ORDER DISMISSING APPEAL** |
| MARK NG; LORAINE WONG; KENDALL NG, | |
| Appellees. | |

Before: TAYLOR, GAN, and SPRAKER, Bankruptcy Judges.

On March 4, 2022, the BAP issued a Clerk's Order Re Finality, indicating that the order on appeal did not appear final and requiring a response from debtor-appellant Richard Tom.

In response, appellant filed a motion for leave to appeal. Mark Ng, Loraine Wong, and Kendall Ng filed an opposition to the motion and appellant filed a reply thereto.

Three days after filing their opposition, appellees filed a motion to supplement the record pursuant to FRBP 8009(e)(2)(C), which appellant

opposed.

The Panel has received and considered the papers filed by the parties and the appellate file. As explained below, the request to supplement the record is appropriate, but leave to appeal is not warranted.

**1.   Motion to Supplement Record Granted.**

Fed. R. Bankr. P. 8009(e)(2)(C) provides "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and transmitted [to the BAP]."   The motion seeks to include in the record certain pleadings filed with the bankruptcy court. The pleadings submitted by appellee are material to the dispute and were helpful to the Panel in resolving the motion for leave to appeal.

Accordingly, the motion to supplement the record is GRANTED.

**2.   Motion for Leave to Proceed with Interlocutory Appeal.**

The order on appeal is interlocutory since a final judgment has not been entered in the underlying adversary proceeding. *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001).

Appeal of an interlocutory order requires leave of the Panel. 28 U.S.C. § 158. A motion for leave to proceed with interlocutory appeal is governed by 28 U.S.C. § 158(d)(2)(A). *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001).

Leave to appeal is appropriate if the proposed appeal involves: (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) interests of judicial economy would be served because an immediate appeal may materially advance ultimate termination of the litigation or avoid wasted litigation. *E.g., Lompa v. Price (In re Price)*, 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989)

Appellant has not demonstrated that leave is appropriate. This appeal does not present a controlling question of law as to which there is substantial ground for difference of opinion. Furthermore, the interests of judicial economy would not be served by an immediate appeal since granting leave would not materially advance the ultimate termination of the litigation.

Accordingly, the motion for leave to appeal is ORDERED DENIED and the appeal is ORDERED DISMISSED.

BAP No.     NC-22-1030
DEBTOR:     RICHARD TOM
RE:         Order of Dismissal

# CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

**By:** Cecil Lizandro Silva, Deputy Clerk
**Date:** May 3, 2022