Jeffrey B Neustadt, SBN 057889
Law Offices of Jeffrey B Neustadt
345 Grove St. 1st floor
San Francisco, CA 94102
Telephone: 415-434-4440 | Fax: 415-962-4221
jbneustadtlaw@gmail.com

Attorney for Defendant Richard Tom
(Seeking Leave to Withdraw)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK NG, LORAINE WONG AND KENDALL NG**, an individual;<br><br>　　　　Plaintiff<br>　　vs.<br><br>**RICHARD TOM**<br><br>　　　　Defendant | Case No. 19-31024 HLB<br><br>Chapter 7<br><br>**A.P. No. 19-03065 HLB**<br><br>**MOTION FOR ORDER AUTHORIZING WITHDRAWAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>**Date:**　　July 7, 2022<br>**Time:**　　2:00 p.m.<br>**Place:**　　Telephonic/ Videoconference<br>　　　　　Courtroom 19<br>　　　　　450 Golden Gate Avenue, 16th l<br>　　　　　San Francisco, CA<br>**Judge:**　　Hon. Hannah L. Blumenstiel |

　　　　Jeffrey B. Neustadt, the Law Offices of Jeffrey B. Neustadt (the Attorney), counsel of record for Richard Tom, defendant in the above-captioned adversary proceeding, hereby moves for an order authorizing withdrawal of counsel, pursuant to 9013-1, 9013-2, 9013-3, and 9014-1 of the Bankruptcy Local Rules, as well as the Court's June 6, 2022, Order striking the substitution filed June 2, 2022.

Unless otherwise heard on shortened time, said motion shall proceed on July 7, 2022, at 2:00 p.m., in Courtroom 19 of the above Court, located at 450 Golden Gate Avenue in San Francisco, California.

Said motion will be based hereon, the accompanying declaration of counsel, the Court's file in this matter, any Reply, and such things as may be presented at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTS

Attorney Jeffrey B. Neustadt began speaking with Mr. Tom about representing him in this case and the "related" case, *Schoenmann v. Tom et al.,* no. 21-03056 RLE, in mid-May 2022. To that end, the Attorney invested an enormous amount of time reviewing the file and identifying issues. On about May 20, 2022, the Attorney and Client agreed on terms and then entered a written fee agreement. Formal substitution in both cases was signed and filed on May 24, 2022.

Because the Attorney's CM/ECF account with this Court (but not other federal courts) was locked, the Attorney hand-filed the substitution forms after consulting with the ECF help desk. Later the week of May 24, 2022, the Attorney's account was reconfigured and unlocked.

Meet and confer letters regarding discovery issues were sent by the Attorney on May 25, 2022, and May 30, 2022. The Client, Richard Tom, was copied on all pleadings, filings, and letters in real time. He was uncharacteristically silent as the Attorney attempted to schedule the deposition of Plaintiff Loraine Wong for June 9, 2022 (Plaintiffs' counsel has indicated in writing that Ms. Wong will not be produced for deposition).

Then, on about June 1, 2022, Richard Tom indicated he would not proceed as previously agreed *in this case only* and will not continue with the Attorney as his counsel *in this case only*. He ordered the Attorney to cease all work in this case, suddenly voicing strong opposition to the plan previously agreed upon. A substitution of attorneys was executed by Mr. Tom in two places,

as client and as the litigant *pro se* (as his own attorney).  That form was filed electronically on June 2, 2022, and ordered stricken by the Court on June 6, 2022.

This motion thus follows immediately.

Time is critical as Mr. Tom has an opposition due to the summary adjudication motion on June 30, 2022.  The client clearly does not want the Attorney to continue in this case for several reasons, none of which may be related publicly for fear of causing prejudice to the Client's case.

Attorney represents Mr. Tom in the following two (2) matters:

a. Nondischargeability Adversary Case: Case No. 19-03065 HLB

b. Fraudulent Transfer Adversary Case: Case No. 21-03056 RLE.

It is only in this case, Adversary Case No. 19-03065 HLB from which, at the Client's request, with the Client's consent, and in view of a significant set of conflicts, is the Attorney seeking to withdraw at this time.  (Decl. of Neustadt, Para. ## 2-7)

## II.     ARGUMENT

Pursuant to Rule 11-5 (a) of the Local Civil Rules in force in the Northern District of California, "counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."  California's professional ethics Standing Committee has opined that an "Attorney may not withdraw absent either client consent or a court order.  (Code Civ. Proc., § 284; rule 3-700(A)(1))" and, when seeking leave of court to withdraw as counsel, it will ". . . ordinarily…be sufficient [for an attorney] to say only words to the effect that ethical considerations require withdrawal."  Formal Opinion No. 2015-192.

Additionally, California Rule of Professional Conduct 1.16 (b) (4) provides in material part that " . . . a lawyer may withdraw from representing a client if . . . (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."

MOTION FOR WITHDRAWAL AS COUNSEL

After May 30, 2022, Attorney and Client have been unable to work together in this case. Counsel for Mr. Tom, the undersigned, has tried numerous times to establish and to rehabilitate the relationship so that the Attorney could carry out representation effectively in this case. (Decl. of Neustadt, Para. #8). The Attorney has concluded that further efforts will not change the status quo relationship; the Attorney is no longer able to carry out representation effectively in this case. It is the Client who ultimately must make material decisions and Mr. Tom, the client, has terminated Jeffrey B. Neustadt as his attorney herein. Withdrawal is necessary at the present time so that Mr. Tom can locate replacement counsel. He is in possession of his entire file. (Decl. of Neustadt, Para. #9)

### III. CONCLUSION

For the foregoing reasons and for the reasons set forth in the Declaration of Jeffrey B. Neustadt, submitted in support of this Motion, Jeffrey B. Neustadt and the Law Offices of Jeffrey B. Neustadt respectfully request that the Court enter an Order granting leave to withdraw as counsel of record for Mr. Tom.

Date: June 7, 2022

    *Jeffrey B. Neustadt /s/*
Jeffrey B. Neustadt
Counsel for Debtor and Defendant
Richard Tom
(Counsel Seeking to Withdraw)