**Entered on Docket**
**June 21, 2022**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: June 21, 2022**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>RICHARD TOM,<br><br>Debtor. | Case No. 19-31024 HLB<br><br>Chapter 7 |
| MARK NG, KENDALL NG, and LORAINE WONG,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD TOM,<br><br>Defendant. | Adv. Proc. No. 19-3065 HLB |

**EIGHTH ORDER REGARDING DISCOVERY DISPUTE**

On or about June 10, 2022, the court received a letter (the "June 10 Letter") from counsel for Plaintiffs Mark Ng, Kendall Ng, and Loraine Wong pursuant to Paragraph D of the court's Practices & Procedures, requesting assistance with yet another discovery dispute that has arisen between Plaintiffs and Defendant Richard Tom, who now represents himself.[1] Plaintiffs request leave to conduct more than 10 depositions, explaining

[1] On June 10, 2022, the court approved the withdrawal of Mr. Tom's counsel (Dkt. 114).

that such discovery is "necessary to obtain information directly related to the nondischargeability action."

Plaintiffs' complaint asserts three causes of action, each of which demand a judgment declaring debts owed to them by Mr. Tom nondischargeable. Only Plaintiffs cause of action under section 523(a)(2)(A)[2] is relevant to this discovery dispute. Via that cause of action, Plaintiffs seek a judgment declaring nondischargeable debts arising from the following pre-petition transfers, in which Plaintiffs allege Mr. Tom engaged with the intent to hinder and delay Plaintiffs' efforts to collect a pre-petition judgment:

- November 16, 2007 Transfer of 50% interest in real property located at 532-536 Green Street, San Francisco, CA (the "Property") to Green Oasis L.P. ("GOLP");
- Transfer of 4% interest in GOLP to Giovanni Torrocca;
- Transfer of 32% interest in GOLP to Ms. Winnie Jiang;[3] and
- Transfer of 14% interest in GOLP to God's Grace Irrevocable Trust.

---

[2] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code". In addition, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure and all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure.

[3] On February 16, 2022 (Dkt. 45; the "Feb. 16, 2022 Order"), the court granted Plaintiffs' Motion for Summary Adjudication. As relevant to this Order, the Feb. 16, 2022 Order concluded that Mr. Tom's transfer of a 32% interest in GOLP to Ms. Winnie Jiang was intentionally fraudulent and that a debt equal to the value of such interest was nondischargeable under section 523(a)(2)(A). The value of that 32% interest has yet to be adjudicated.

In an effort to obtain information about these transfers, their potential value, and the bases therefor, Plaintiffs have sought discovery from several entities and individuals and entities. In their June 10 Letter, Plaintiffs contend that they also need to depose Mr. Tom, God's Grace Irrevocable Trust (through a witness designated under Civil Rule 30(b)(6) and Bankruptcy Rule 7030), Mimi Chao, Samuel Ray, and former tenants of the Property. Plaintiffs allege that "Richard Tom made numerous and complex fraudulent transfers to multiple entities," and that "[e]ven after years of investigation, Plaintiffs still do not know the full extent of these transfers." Plaintiffs insist that the additional depositions are necessary to further their investigation of Mr. Tom's allegedly fraudulent conduct.

At the court's request, Mr. Tom responded to the June 10 Letter on June 17, 2022 (the "June 17 Letter").[4] For the most part, Mr. Tom's letter constitutes a misguided effort to refute the merits of Plaintiffs' complaint. He denies having misappropriated funds and asks the court to deny Plaintiffs' request to take more than 10 depositions. The June 17 Letter is entirely useless to the resolution of this discovery dispute.

But Plaintiffs have entirely failed to explain the relevance of many of the proposed deponents' testimony to the transfers their Complaint places in issue. For example, Plaintiffs assert that they need to depose Mimi Chao because they suspect she received "gifts and checks" from Mr. Tom. According to

[4] Contrary to the court's instructions and contrary to Paragraph D of the court's Practices & Procedures, Mr. Tom submitted an exhibit with his June 17 Letter, which the court has ignored.



Case: 19-03065 Doc# 118 Filed: 06/21/22 Entered: 06/21/22 10:43:27 Page 3 of 6

Plaintiffs, "[w]hether those transfers happened, what exactly the transfers were, and whether they were fraudulent are relevant to Plaintiffs' 523(a)(2) claims." The court fails to see how transfers of money or other assets to Ms. Chao relates to the transfers described in Plaintiffs' Complaint.

As to proposed deponent Samuel Ray, Plaintiffs explain that Mr. Ray is an attorney with the law firm Colla & Ray, which allegedly performed work for GOLP. Plaintiffs contend that they need to depose Mr. Ray "for the limited purpose of determining the identity of Colla & Ray's client, the sources of monies paid to Colla & Ray, and the contracts with the third-party restaurant rental." The court fails to see how testimony on these subjects relates to the transfers identified in Plaintiffs' Complaint.

Plaintiffs assert that they need to depose former tenants at the Property "to confirm when and how their rents are being paid." The court fails to see how such testimony relates to the transfers identified in Plaintiffs' Complaint.

Certainly, Plaintiffs are entitled to take Mr. Tom's deposition, if they have not already done so. Plaintiffs are also entitled to take the deposition of God's Grace Irrevocable Trust through its Civil Rule 30(b)(6) witness, if they have not already done so, as it allegedly received one of the transfers identified in the Complaint.

Accordingly, the court **ORDERS** as follows:

**1.** To the extent Plaintiffs request leave to depose Mimi Chao, Samuel Ray, and former tenants at the Property, such request is hereby **DENIED**.

**2.** Plaintiffs' request for leave to depose Richard Tom is hereby **GRANTED**, and Mr. Tom shall make himself available for deposition prior to **July 30, 2022.** Failure to timely comply with this order may result in the imposition of sanctions.

**3.** Plaintiffs' request for leave to depose God's Grace Irrevocable Trust is hereby **GRANTED.**

**4.** The June 30, 2022 Fact Discovery Deadline; July 27, 2022 Expert Disclosure Deadline; August 29, 2022 Rebuttal Expert Disclosure Deadline; and September 28, 2022 Expert Discovery Deadline are hereby **SUSPENDED** pending completion of the discovery required by this Order.

****END OF ORDER****



Case: 19-03065 Doc# 118 Filed: 06/21/22 Entered: 06/21/22 10:43:27 Page 5 of 6

**Court Service List**

Richard Tom
536 Green Street, #2
San Francisco, CA 94133

Richard Tom
Via email: richtom239@yahoo.com

Richard Tom
Via email: rtom536@yahoo.com