

**Signed and Filed: July 29, 2022**

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re: | ) Case No. 19-31024 HLB |
| | ) |
| RICHARD TOM, | ) Chapter 7 |
| | ) |
|         Debtor. | ) |
| | ) |
| MARK NG, KENDALL NG, and LORAINE WONG, | ) |
| | ) Adv. Proc. No. 19-3065 HLB |
| | ) |
|         Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD TOM, | ) |
| | ) |
|         Defendant. | ) |

### MEMORANDUM DECISION AND ORDER GRANTING
### PLAINTIFFS' MOTION FOR SUMMARY ADJUDICATION

This proceeding came before the court on July 21, 2022 for a hearing on Plaintiffs Mark Ng, Kendall Ng, and Loraine Wong's motion for summary adjudication.[1]  Defendant Richard Tom opposed the Motion[2]; Plaintiffs replied.[3]  Mr. Tom also filed an

---

[1] Dkt. 90 (the "Motion").

[2] Dkt. 128 (the "Opposition"), supported by the Declaration of Richard Tom (Dkt. 129).

[3] Dkt. 132.

Objection to New Evidence Proffered by Plaintiffs in Reply.[4]
Appearances were as noted on the record.

At the beginning of the hearing, the court orally overruled Mr. Tom's evidentiary objections to the Declaration of Paul Johnson[5] filed in support of the Motion and the exhibits attached thereto. The court orally sustained Plaintiffs' evidentiary objection to Exhibit D to Mr. Tom's Declaration[6] in support of his Opposition. The court orally overruled as moot the objection raised in the Sur-Reply to a Supplemental Declaration of Paul Johnson[7] filed with Plaintiffs' Reply, and orally overruled Mr. Tom's objections to Exhibits 18-21 to Mr. Johnson's Supplemental Declaration. At the conclusion of the hearing, the court took the Motion under advisement.

**I.    Relief Sought**

Plaintiffs seek summary adjudication or partial summary judgment as to issues relevant to two causes of action, both of which arise under section 523(a)[8] and demand a judgment declaring nondischargeable a debt owed to Plaintiffs by Mr. Tom.

Under section 523(a)(6), Plaintiffs contend Mr. Tom's debt is nondischargeable because it arises from injuries they suffered

---

[4] Dkt. 133 (the "Sur-Reply").

[5] Dkt. 90-2.

[6] Dkt. 129.

[7] Dkt. 132-1.

[8] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code". In addition, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedures and all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure.

as a result of Mr. Tom's willful and malicious conduct. On February 16, 2022,[9] the court granted Plaintiffs' prior motion for partial summary judgment, finding for purposes of section 523(a)(6) that (a) Plaintiffs suffered injuries and (b) Mr. Tom caused those injuries. By way of the Motion, Plaintiffs seek a finding that Mr. Tom's conduct in causing Plaintiffs' injuries was willful and malicious.

Pursuant to section 523(a)(9), Plaintiffs argue that Mr. Tom's debt is nondischargeable because his debt arises from death and personal injury caused by Mr. Tom's unlawful operation of a motor vehicle while intoxicated by alcohol. In the Feb. 16 Order, the court concluded that Plaintiffs suffered injuries caused by Mr. Tom's operation of a motor vehicle for purposes of section 523(a)(9). The Motion now seeks a finding that Mr. Tom's operation of his motor vehicle at the time of the crash was unlawful because he was intoxicated by alcohol.

Granting the Motion will resolve Plaintiffs' causes of action under sections 523(a)(6) and 523(a)(9) in their favor. But it will not completely resolve this proceeding because Plaintiffs' cause of action under section 523(a)(2)(A) will remain pending.[10]

---

[9] Dkt. 45 (the "Feb. 16 Order"). Mr. Tom appealed the Feb. 16 Order (Dkt. 48) to the Bankruptcy Appellate Panel for the Ninth Circuit, but that appeal was dismissed on May 3, 2022 (Dkt. 92).

[10] Under section 523(a)(2)(A), Plaintiffs seek a judgment declaring nondischargeable a debt arising from certain allegedly fraudulent transfers. In its Feb. 16 Order, the court granted summary adjudication as to one of the four relevant transfers. The three other transfers have yet to be adjudicated by this court.

## II. Subject Matter Jurisdiction

The Motion pertains to causes of action arising under section 523 of the Bankruptcy Code, over which this court has subject matter jurisdiction and as to which this court may enter a final judgment.[11]

## III. Background[12]

This action arises from a horrific tragedy. On the night of February 19, 2007, after having dinner at home with a friend (before and during which they consumed alcohol), Mr. Tom traveled with his friend to the home of Mr. Tom's son to retrieve a Toyota Camry. As Mr. Tom and his friend returned to Mr. Tom's house in Redwood City, Mr. Tom drove his Mercedes E320; his friend drove the Toyota Camry. In their separate vehicles, Mr. Tom and his friend proceeded down Woodside Road in San Carlos, California. Mr. Tom's vehicle was some distance ahead of the Camry driven by his friend.

Meanwhile, Plaintiff Loraine Wong, Plaintiff Kendall Ng (the daughter of Loraine Wong and Plaintiff Mark Ng), and Sydney Ng (also Ms. Wong and Mr. Ng's daughter) left their nearby home in a Nissan Maxima. Ms. Wong was driving and, as she turned left onto Woodside Road, Mr. Tom smashed into her car. Ms. Wong and Kendall Ng were seriously injured; Sydney Ng was killed.

---

[11] 28 U.S.C. § 1334(b); 28 U.S.C. §§ 157(a), (b)(1), and (b)(2)(I); General Order No. 24 of the United States District Court for the Northern District of California; see also In re Mcharo, 2020 WL 118589, *2 (B.A.P. 9th Cir. Jan. 9, 2020) (acknowledging bankruptcy court's subject matter jurisdiction over proceedings asserting claims under section 523).

[12] These facts are undisputed and are paraphrased from People v. Tom, 59 Cal. 4th 1210 (2014) and Wong v. Tom, 2015 WL 691413 (Feb. 18, 2015) (unpublished).

Following the crash, Mr. Tom was charged with gross vehicular manslaughter while intoxicated; driving under the influence causing harm to another; and driving with a blood-alcohol content of 0.08 percent or higher causing harm to another, along with various enhancement allegations. A jury acquitted Mr. Tom of the alcohol-related charges, but convicted him of vehicular manslaughter with gross negligence. The criminal court sentenced Mr. Tom to seven years in prison.

While in prison, Mr. Tom appealed his conviction. The court of appeals reversed his conviction on Fifth Amendment grounds. The California Supreme Court reversed and remanded.[13] Mr. Tom was tried a second time, which ended in a mistrial.[14] This court has received no evidence of further criminal proceedings relevant to this action.

On August 3, 2007, Mr. Ng, Ms. Wong, and Kendall Ng sued Mr. Tom in San Mateo Superior Court,[15] seeking compensatory and punitive damages for wrongful death, personal injury, and negligent infliction of emotional distress.[16] They accused Mr. Tom of being intoxicated by alcohol when he broadsided the car occupied by Ms. Wong and her daughters.

---

[13] People v. Tom, 59 Cal. 4th 1210 (2014).

[14] Dkt. 129 (Declaration of Richard Tom in Opposition to Motion), ¶ 18.

[15] Wong v. Tom, Case No. CIV 464944 (San Mateo Superior Court) (the "Wrongful Death Action").

[16] Dkt. 6-2 (Declaration of Matthew Metzger in support of Motion to Dismiss), Ex. 7 (Complaint filed in Wrongful Death Action).

In the Summer of 2012, the Wrongful Death Action was tried to a jury over the course of 19 days.[17]  On August 15, 2012, the jury issued its verdict.[18]  They found Mr. Tom negligent and that his negligence caused Sydney Ng's death, as well as the injuries suffered by Ms. Wong and Kendall Ng.  The jury also found that Ms. Wong was not negligent.  Finally, the jury found that, in causing injury to Ms. Wong and Kendall Ng, Mr. Tom acted with malice or oppression.

The jury awarded $8,000 in punitive damages to Mr. Ng, Kendall Ng, and Ms. Wong, in addition to awarding them more than $7.0 million in economic and non-economic damages arising from Sydney Ng's wrongful death and their personal injuries.  On October 10, 2012, the court presiding over the Wrongful Death Action entered a judgment in favor of Mr. Ng, Ms. Wong, and Kendall Ng for $7,258,000 (the "Wrongful Death Judgment").[19]

Following entry of the Wrongful Death Judgment, Mr. Tom filed two post-trial motions:  a motion for a new trial (the "MNT"),[20] and a motion for partial judgment notwithstanding the verdict (the "MPJNOV").[21]  As relevant to this action, Mr. Tom

---

[17] Dkt. 90-2 (Declaration of Paul Johnson in Support of Motion), Ex. 1 (Judgment on Special Verdict entered in Wrongful Death Action).

[18] Id.

[19] Id.

[20] Dkt. 90-2, **Ex. 3** (Notice of Intention to Move for New Trial filed October 25, 2012); **Ex. 5** (Memorandum in Support of MNT filed November 6, 2012); **Ex. 14** (Declaration of Paul S. Sheng in Support of MNT filed November 6, 2012); **Ex. 11** (Reply in Support of MNT filed November 28, 2012).

[21] Dkt. 90-2, **Ex. 4** (Notice of MPJNOV filed November 6, 2012); **Ex. 6** (MPNJOV filed November 6, 2012); **Ex. 15** (Declaration of Paul S. Sheng in Support of MPJNOV filed November 6, 2012); **and Ex. 12** (Reply in Support of MPJNOV filed November 28, 2012).

argued in his MNT that the jury's findings of no comparative
negligence on the part of Ms. Wong and of malice and oppression
on the part of Mr. Tom were contrary to the weight of the
evidence. In his MPJNOV, Mr. Tom argued that no substantial
evidence supported the jury's finding that he acted with malice
and oppression.

With respect to the jury's finding that Ms. Wong was not
comparatively negligent, Mr. Tom pointed to alleged
inconsistencies in her statements to accident investigators and
police officers at or near the time of the crash and her
testimony in deposition and in trial. According to Mr. Tom, Ms.
Wong initially told police officers that she was talking to her
sister on a cell phone when the accident occurred, but later
testified that she had concluded her telephone conversation, had
not yet disconnected the call, and still had her cell phone in
her hand when the collision occurred. Ms. Wong admitted during
her trial testimony that her recollection of the collision and
events surrounding it likely was better at or near the time it
occurred.

Mr. Tom also argued that Ms. Wong gave inconsistent
testimony concerning her visibility down Woodside Road, whether
she looked both right and left before turning onto Woodside Road,
and whether she came to a complete stop before entering Woodside
Road, despite knowing that drivers frequently exceeded the speed
limit on Woodside Road and that the intersection where the crash
occurred was dangerous. Based on these inconsistencies, Mr. Tom

contended in his MNT that the jury's verdict as to Ms. Wong's comparative negligence contravened the weight of the evidence, and he encouraged the court to exercise its discretion to award him a new trial.

As to the jury's finding that he acted with malice and oppression, Mr. Tom argued in his MNT that the Plaintiffs had failed to present clear and convincing evidence that he had been traveling with excessive speed and that he was impaired by alcohol at the time of the collision. He pointed to numerous alleged inconsistencies in the evidence presented to the jury on these issues and asserted that the jury's finding that he acted with malice and oppression by driving too fast while impaired by alcohol contravened the weight of the evidence and justified a new trial.

In his MPJNOV, Mr. Tom urged the court to invalidate the jury's punitive damages award on the grounds that Plaintiffs had failed to prove that he acted with malice and oppression by speeding while intoxicated by alcohol. In support of this argument, Mr. Tom pointed to the same alleged evidentiary inconsistencies on which he relied in support of his MNT.

The state court denied both the MNT and MPJNOV in orders issued December 4, 2012.[22] In denying the MNT, the state court pointed out that the "evidence presented at trial showed there were differences in Lorraine [*sic*] Wong's testimony regarding whether she was on the phone as she entered into the

---

[22] Dkt. 90-2, Ex. 13 (Notice of Entry of Orders Denying Motions for New Trial and Partial Judgment Notwithstanding Verdict).

intersection"[23] and that "these differences were highlighted during her testimony in trial."[24] The state court examined these inconsistencies and concluded "there is substantial evidence to support the jury's verdict" on the issue of Ms. Wong's comparative negligence.[25]

As to whether Mr. Tom acted with malice and oppression by speeding while intoxicated by alcohol, the state court concluded that "the evidence presented at trial was clear and convincing to support the jury verdict."[26] As the state court explained: "[t]he weight of the evidence supports Mr. Tom was in violation of the speed limit . . . [a]s to Mr. Tom being under the influence of alcohol, the evidence established that Mr. Tom was under the influence of alcohol."[27] "The evidence was clear and convincing that Defendant violated the basic speed law and was legally under the influence . . . . Given the fact that Mr. Tom was under the influence of alcohol and was operating his vehicle at an excessive speed at the time of the collision, the verdict in relation to the evidence is not contrary to the weight of the evidence."[28]

In denying Mr. Tom's MPJNOV, the state court first pointed out that it "cannot weigh the evidence or determine the

---

[23] Id.

[24] Id.

[25] Id.

[26] Id.

[27] Id.

[28] Id.

credibility of the witnesses"[29]; rather, "the test is whether there is substantial evidence that supports the verdict." The state court concluded that "there is substantial evidence supporting the verdict or reasonable inferences can be drawn from that evidence supporting the verdict."[30] The court examined the evidence that supported the jury's conclusion that Mr. Tom was speeding and intoxicated by alcohol before reiterating that "there was substantial evidence to support the jury finding malice for purposes of punitive damages."[31]

Mr. Tom did not appeal the state court's orders denying his MNT and MPJNOV. Instead, he appealed the jury's verdict.[32] On appeal, he made arguments identical to those he made in support of his MNT and MPJNOV. The California Court of Appeals for the First District affirmed the jury's verdict in its entirety.[33]

In examining whether substantial evidence supported the jury's verdict as to Ms. Wong's comparative negligence, the court of appeals painstakingly analyzed the record of trial, including Ms. Wong's allegedly inconsistent statements and testimony concerning her cell phone use, her care in proceeding into the intersection where the crash occurred, and her failure to see Mr. Tom's car as he sped toward the intersection. The court of appeals rejected all of Mr. Tom's arguments.

---

[29] Id.

[30] Id.

[31] Id.

[32] Dkt. 90-2, Ex. 16 (Notice of Appeal filed December 27, 2012).

[33] Wong v. Tom, 2015 WL 691413 (Feb. 28, 2015) (unpublished).

The court of appeals also took great care in its review of the jury's finding that Mr. Tom acted with malice and oppression sufficient to justify an award of punitive damages. After reviewing the legal standards applicable to such findings, the court noted that "[i]n addressing [a challenge to the award of punitive damages], we inquire whether the record contains substantial evidence to support a determination by clear and convincing evidence."[34] It then concluded that the jury had received proper instructions and presumed that the jury had followed those instructions.[35]

The court of appeals pointed out that, "[h]ere, there is no basis for second-guessing,"[36] as Mr. Tom did:

> not dispute that he was familiar with the intersection where the accident occurred and knew it had impaired visibility due to perennially parked cars, was driving more than 51 miles an hour as he approached that obscured intersection, had been driving 85 miles an hour within less than a mile of the accident site, was operating at these speeds on residential streets with posted speed limits of 30 and 35 miles per hour after dark, and had been drinking. At the speeds Tom chose to drive, approaching an intersection with an impaired view, inattention to the road by a sober driver could result in disaster. Yet Tom was driving in this manner after drinking, thereby gravely increasing the risk he would not be able to respond adequately to unexpected events. Tom must have known such conduct carried probable dangerous consequences.[37]

The court of appeals characterized Mr. Tom's arguments as consisting "largely of quibbling with the opinions of plaintiffs'

---

[34] Id. at *5 (internal quotation marks and citations omitted).

[35] Id.

[36] Id.

[37] Id. (internal quotation marks and citations omitted).

experts" and concluded that clear and convincing evidence supported the jury's finding that Mr. Tom had been speeding at the time of the crash, which "was sufficient to support a finding of malice under the circumstances."[38]

The court of appeals also rejected Mr. Tom's argument that Plaintiffs had failed to present clear and convincing evidence in support of his impairment by alcohol at the time of the crash. "The jury could easily have concluded, based on evidence in the record" that Mr. Tom was intoxicated by alcohol when he seriously injured Ms. Wong and Kendall Ng and killed Sydney Ng.[39] The court reviewed the evidence and stated that it constituted "substantial evidence of impairment by alcohol at the time of the accident, even with due attention to the heightened standard of proof owing to the requirement of clear and convincing evidence. The contrary evidence discussed by Tom, including his expert's testimony, is not so persuasive as to undermine the value of this substantial evidence."[40]

**IV. Arguments**

In the Motion, Plaintiffs argue that the doctrine of collateral estoppel precludes relitigation of the issues of whether (a) Mr. Tom's operation of his motor vehicle was unlawful due to his intoxication by alcohol; and (b) Mr. Tom acted willfully and maliciously. According to Plaintiffs, these issues were actually and necessarily decided on the merits in the

---

[38] Id.

[39] Id. at *6.

[40] Id. (internal quotation marks and citations omitted).

Wrongful Death Action, which involved the identical parties.
Given that the state court rulings are final, Plaintiffs argue
that public policy and a concern for the integrity of the
judicial system require this court to honor the jury's verdict,
as affirmed by the court of appeals, and to honor the state
court's rulings on Mr. Tom's MNT and MPJNOV.

Mr. Tom hangs his hat on calling Loraine Wong a liar.  He
contends that collateral estoppel should not apply here because
Ms. Wong perjured herself in testimony she gave during the
Wrongful Death Action.  As a result of Ms. Wong's alleged
perjury, Mr. Tom argues that he did not have a full and fair
opportunity to litigate the issues of his negligence, Ms. Wong's
comparative negligence, and his malicious and oppressive conduct.
According to Mr. Tom, and notwithstanding the final orders issued
by the state court denying his MNT and MPJNOV and the court of
appeals' affirmance of the verdict and judgment in the Wrongful
Death Action, he is entitled to a trial on the issues of whether
his operation of his motor vehicle was unlawful due to his
intoxication for purposes of section 523(a)(9) and whether he
acted willfully and with malice for purposes of section
523(a)(6).

**V.   Legal Standards**

**A.   Summary Judgment**

Summary judgment is appropriate where "the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits . . . show that there is no genuine
issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."[41]  The court must view all evidence in the light most favorable to the non-moving party.[42]

The moving party bears the burden of establishing that no genuine issue of material fact exists.[43]  Once the movant has satisfied its burden, the non-moving party must demonstrate the existence of a genuine issue of fact for trial.[44]

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[45]  Thus, where the factual context renders the non-moving party's position implausible, the non-moving party "must come forward with more persuasive evidence to support their claim than would otherwise be necessary."[46]  Further, where the non-moving party would bear the burden of proof with respect to an element at trial, they must "make a showing sufficient to establish the

---

[41] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Civil Rule 56(a), which applies in this proceeding pursuant to Bankruptcy Rule 7056.

[42] County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

[43] Celotex, 477 U.S. at 323.

[44] De Horney v. Bank of America Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 464 (9th Cir. 1989).

[45] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see United States Postal Serv. v. Ester, 836 F.3d 1189, 1198 (9th Cir. 2016) (citing Matsushita Elec.) (concluding speculation was insufficient to defeat motion for summary judgment that was supported by "persuasive (albeit not conclusive) evidence").

[46] Matsushita Elec., 475 U.S. at 586.

existence" of such element to defeat a motion for summary judgment.[47]

**B.   Section 523(a)(9)**

Section 523(a)(9) precludes discharge of debts "for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance."  In order to prevail under section 523(a)(9), Plaintiffs must prove by a preponderance of the evidence[48] that (1) the debt owed to them by Mr. Tom is for death or personal injury; (2) caused by Mr. Tom's operation of a motor vehicle; and (3) Mr. Tom's operation of the motor vehicle was unlawful due to his intoxication.[49]  In its Feb. 16 Order, the court summarily adjudicated the first two of the foregoing elements in Plaintiffs' favor.[50]  Thus, the only issue to be adjudicated here is whether Mr. Tom's operation of his motor vehicle was unlawful due to his intoxication.

---

[47] Celotex, 477 U.S. at 323; see Sonner v. Schwabe N. America, Inc., 911 F.3d 989, 992 (9th Cir. 2018) ("[t]o defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial"); see, e.g., Theis v. Graco, Inc., 763 F. App'x, 641-42 (9th Cir. 2019) (affirming grant of summary judgment where California law required that non-moving party establish causation through expert testimony, but such party failed to proffer such evidence).

[48] Grogan v. Garner, 498 U.S. 279, 291 (1991).

[49] Schoonover v. Elford (In re Elford), 618 B.R. 872, 893 (Bankr. E.D. Cal. 2020); Bucher v. Hughes (In re Hughes), 488 B.R. 169, 175 (Bankr. D. Mont. 2013).

[50] Dkt. 45.

## C.    Section 523(a)(6)

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor."  In order to prevail on a claim under section 523(a)(6), the plaintiff must plead, and then prove by a preponderance of the evidence,[51] that the defendant's conduct was both willful and malicious.[52]

Willfulness requires a "deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."[53]  Put another way, the defendant must intend the consequence of the act, not simply the act itself, in order for a debt caused by that act to be declared nondischargeable under section 523(a)(6).[54]

For purposes of section 523(a)(6), the Ninth Circuit has adopted a subjective standard.[55]  Willfulness requires a "subjective motive to inflict injury" or a subjective belief that "injury is substantially certain to result" from one's conduct in order for liability under section 523(a)(6) to adhere.[56]

---

[51] Grogan, 498 U.S. at 291.

[52] In re Ormsby, 591 F.3d 1199, 1206 (9th Cir. 2010); In re Barboza, 545 F.3d 702, 706 (9th Cir. 2008) (the "willful" requirement is separate and distinct from the "malicious" requirement).

[53] Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (emphasis in original); Ditto v. McCurdy, 510 F.3d 1070, 1078 (9th Cir. 2007) (same).

[54] Ormsby, 591 F.3d at 1206.

[55] In re Su, 290 F.3d 1140, 1146 (9th Cir. 2002).

[56] Ormsby, 591 F.3d at 1206.

Malicious injury "involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse."[57] Malice may be implied from the wrongful nature of the act itself.[58] Malice does not require a showing of biblical malice, i.e., personal hatred, spite, or ill will.[59]

### D. Collateral Estoppel

The doctrine of collateral estoppel serves the purpose of protecting parties from multiple lawsuits and the possibility of inconsistent decisions, and it conserves judicial resources.[60] The bankruptcy court may give issue preclusive effect to a state-court judgment as the basis for excepting a debt from discharge.[61]

Under the Full Faith and Credit Act,[62] the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued.[63] California permits application of issue preclusion to an existing judgment: (1) after final adjudication; (2) of an identical issue; (3) actually litigated

---

[57] Id. at 1207 (citations omitted).

[58] In re Thiara, 285 B.R. 420, 434 (B.A.P. 9th Cir. 2002).

[59] Id. at 434 n. 15 (citing McIntyre v. Kavanaugh, 242 U.S. 138, 141-42 (1916)).

[60] In re Berr, 172 B.R. 299, 306 (B.A.P. 9th Cir. 1994) (citations omitted).

[61] In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001).

[62] 28 U.S.C. § 1738.

[63] In re Nourbakhsh, 67 F.3d 798, 800 (9th Cir. 1995) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985)).

in the former proceeding; (4) necessarily decided in the former proceeding; and (5) asserted against a party in the former proceeding or in privity with that party.[64] In addition, the court must determine that issue preclusion "furthers the public policies underlying the doctrine."[65] The party advocating for application of the doctrine of collateral estoppel bears the burden of establishing the foregoing requirements.[66]

**VI. Analysis**

**A. Collateral Estoppel**

Plaintiffs ask the court to apply to preclusive effect the jury verdict and judgment entered in the Wrongful Death Action, as well as the orders denying Mr. Tom's MNT and MPJNOV. In order to do so, the court must analyze several factors, as explained above.

**1. Identity of Parties**

The parties do not dispute that they to this proceeding are identical to the parties to the Wrongful Death Action. Accordingly, Plaintiffs have satisfied this condition predicate to the application of the doctrine of collateral estoppel to the jury verdict, judgment, and orders denying the MNT and MPJNOV in the Wrongful Death Action.

---

[64] Lucido v. Sup. Ct., 51 Cal. 3d 335, 341 (1990).

[65] Harmon, 250 F.3d at 1245 (citing Lucido, 51 Cal. 3d at 342–43); see also In re Khaligh, 338 B.R. 817, 824–25 (B.A.P. 9th Cir. 2006).

[66] Harmon, 250 F.3d at 1245.

2.   **Identity of Issues**

The parties disagree as to whether the issues litigated in the Wrongful Death Action are identical to those relevant to this action.

a.   **Unlawful Operation of a Motor Vehicle Due to Intoxication.**

The "identity of issues" requirement of the doctrine of collateral estoppel focuses on whether identical factual allegations are at stake in the prior and current litigation, not whether the ultimate issues or dispositions are the same.[67]  The parties do not dispute that Plaintiffs here rely on factual allegations and evidence that was presented to the state court in the Wrongful Death Action and on which Plaintiffs prevailed.  Mr. Tom contends, however, that "[t]here is nothing submitted in support of the present motion that establishes, by clear and convincing evidence, that Mr. Tom drove at unreasonably excessive speed[68] and was impaired by alcohol at the point of collision."  Mr. Tom also contends that, even if the court finds that his intoxication was established by the jury verdict, judgment, and orders denying his MNT and MPJNOV, the Plaintiffs have not demonstrated that his intoxication caused their injuries and killed Sydney Ng.

As found by the state court in its orders denying Mr. Tom's MNT and MPJNOV,[69] the jury received clear and convincing evidence

---

[67] Hernandez v. City of Pomona, 46 Cal. 4th 501, 512 (2009).

[68] The speed at which Mr. Tom was driving when he hit Plaintiffs' vehicle is irrelevant for purposes of section 523(a)(9).

[69] Dkt. 90-2, Ex. 13.

that established "that Mr. Tom was under the influence of alcohol". Accordingly, the issue of Mr. Tom's intoxication was presented to the jury in the trial of the Wrongful Death Action and again to the judge who presided over the Wrongful Death Action through Mr. Tom's MNT and MPJNOV. The court of appeals also confirmed that the jury received substantial evidence of Mr. Tom's intoxication and declined to disturb the judgment entered in the Wrongful Death Action.[70]

The court notes that, in this action, Plaintiffs must prove Mr. Tom's intoxication by a preponderance of the evidence.[71] In the Wrongful Death Action, the standard of proof required clear and convincing evidence on that issue.[72] It bears emphasizing that Plaintiffs prevailed on this issue in the Wrongful Death Action according to a standard of proof more stringent than that which applies here.

As Mr. Tom argued in his MNT and MPJNOV, whether his operation of a motor vehicle was unlawful due to his intoxication is governed by section 23152(a) of the California Vehicle Code ("CVC"). CVC section 23152(a) also governs that same issue for purposes of section 523(a)(9).[73] CVC 23152(a) makes it "unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." Given the jury's conclusion that Mr. Tom was intoxicated when he injured Plaintiffs and killed Sydney Ng,

---

[70] <u>Wong v. Tom</u>, 2015 WL 691413 at *6.

[71] <u>Grogan</u>, 498 U.S. at 291.

[72] <u>Wong v. Tom</u>, 2015 WL 691413 at *4; Cal. Civ. Code § 3294(a).

[73] <u>Elford</u>, 618 B.R. at 894.

his operation of the vehicle was unlawful under the very standard he advocated in his MNT and MPJNOV. The very same standards apply to this action.

In its Feb. 16 Order,[74] this court has already ruled that Mr. Tom caused Sydney Ng's death and Plaintiffs' injuries. The court based this ruling on the verdict of the jury in the Wrongful Death Action, which reached that same conclusion.[75]

Plaintiffs have established that the issue of Mr. Tom's unlawful operation of a motor vehicle due to his intoxication for purposes of this action is identical to that reached by the state court in the Wrongful Death Action, both in the trial of that action and in the state court's rulings on Mr. Tom's MNT and MPJNOV.

### b. Willful and Malicious Conduct

In order to prove their entitlement to punitive damages, Plaintiffs had to present the jury in the Wrongful Death Action with clear and convincing evidence that Mr. Tom acted with malice or oppression.[76] In the Wrongful Death Action, "'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others."[77] "'Oppression' means despicable conduct that

---

[74] Dkt. 45.

[75] Dkt. 90-2, Ex.1.

[76] Cal. Civ. Code § 3294(a). The court reiterates that the "clear and convincing evidence" standard under which Plaintiffs prevailed in the Wrongful Death Action is more stringent than the "preponderance of the evidence" standard that applies in this action. Grogan, 498 U.S. at 291.

[77] Cal. Civ. Code § 3294(c)(1).

subjects a person to cruel and unjust hardship in conscious disregard of that person's rights."[78] "Despicable" conduct constitutes that which is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people."[79]

Plaintiffs argue that Mr. Tom's deliberate choice to get behind the wheel of a car while intoxicated constitutes willful and malicious conduct for purposes of section 523(a)(6) as a matter of law. Mr. Tom does not dispute this point,[80] with which this court agrees.[81] A person who chooses to become intoxicated and then chooses to drive a car behaves willfully. And Mr. Tom is charged with knowledge of the natural consequences of his actions[82] which, in these circumstances, permits the court to infer malice. As the court of appeals concluded: "Tom must have known such conduct carried 'probable dangerous consequences'".[83] The fact that Mr. Tom willfully became intoxicated and then got behind the wheel of his car – despite knowing of the likely

---

[78] Cal. Civ. Code § 3294(c)(2).

[79] Colucci v. T-Mobile USA, Inc., 48 Cal. App. 5th 442, 454-55 (2020); Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1287 (1994) (same); Wong v. Tom, 2015 WL 691413 at *4 (same).

[80] Opposition (Dkt. 128) at 26:6 (CM/ECF pagination).

[81] Elford, 618 B.R. at 898-900; In re Adams, 761 F.2d 1422, 1427 (9th Cir. 1985) ("we hold that the voluntary acts of drinking and driving while intoxicated constitute conduct sufficiently intentional to support a finding of willfulness and malice, as contemplated by section 523(a)(6)").

[82] Elford, 618 B.R. at 898 (citing In re Cohen, 121 B.R. 267, 271 (Bankr. E.D. N.Y. 1990) and In re Su, 290 F.3d 1140, 1146 n.6 (9th Cir. 2002)) ("[i]n addition to what a debtor may admit to knowing, the bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action").

[83] Wong v. Tom, 2015 WL 691413 at *5.

dangerous consequences of his willful behavior – is more than
sufficient to permit this court to infer malice on Mr. Tom's part
for purposes of section 523(a)(6).

But even if an appellate court disagrees with this court's
conclusion (and Mr. Tom's concession) that choosing to drive
while intoxicated cannot be construed as willful and malicious
conduct as a matter of law, the court also finds and concludes
that the issues of malice and oppression for purposes of an award
of punitive damages under California law are identical to the
issues of willfulness and maliciousness for purposes of section
523(a)(6). Both malice and oppression under California law
involve a finding of willfulness on the part of the defendant,[84]
just as federal bankruptcy law requires a finding of willfulness
in connection with claims under section 523(a)(6). Malice under
California law requires a finding of an intentional act, done
with intent to cause injury or with a willful and conscious
disregard for the safety of others.[85] This is virtually
identical to the definition of malice for purposes of section
523(a)(6).[86] And the Ninth Circuit recognizes that a finding of
oppression under section 3294(c)(2) of the California Civil Code
(which governed the jury's award of punitive damages in the

---

[84] Cal. Civ. Code §§ 3294(c)(1) and (c)(2).

[85] Cal. Civ. Code § 3294(c)(1).

[86] In re Jercich, 238 F.3d 1202, 1209 (9th Cir. 2001) cert. den. 533 U.S. 930
(2001) ("[a] malicious injury involves (1) a wrongful act, (2) done
intentionally, (3) which necessarily causes injury, and (4) is done without
just cause or excuse") (internal quotation marks and citation omitted).

Wrongful Death Action) is "sufficient to show that the injury . . . was malicious under [section] 523(a)(6)."[87]

Notwithstanding the overwhelming weight of this authority – the applicability of which Mr. Tom concedes – he argues that genuine issues of material fact exist as to whether he behaved willfully or maliciously. According to Mr. Tom, Ms. Wong "recanted" her 2012 trial testimony in September 2018 and "admitted" that she did not look in the direction of Mr. Tom's approaching vehicle and was talking on her cell phone when the accident occurred. Mr. Tom then posits that, had the jury and the state court had the benefit of such evidence during the trial of the Wrongful Death Action, they could not have concluded that Mr. Tom acted with malice and oppression. He argues that this gives rise to triable issues of fact with respect to whether he behaved willfully and maliciously. This court disagrees.

Ms. Wong's 2018 testimony[88] does not in any way amount to a recantation of her testimony and statements presented in the trial of the Wrongful Death Action. In fact, Ms. Wong's 2018 testimony does not differ in any material or significant way from the testimony she gave in 2012. Mr. Tom grossly mischaracterizes Ms. Wong's 2018 testimony by declaring it a recantation of her 2012 testimony or an admission of facts Ms. Wong previously denied. The state court and its jury considered the identical evidence (including evidence of the alleged inconsistencies in

---

[87] Id. at 1209.

[88] Opposition (Dkt. 128) at 7:20-25 (CM/ECF pagination), citing Dkt. 129 (Tom Declaration), Ex. C (partial transcript of testimony of Loraine Wong in Mr. Tom's second criminal trial) at 44:10-52:22.

Ms. Wong's description of her conduct immediately prior to the collision) and nevertheless concluded that Mr. Tom was solely at fault for the crash. Mr. Tom has failed to show that *genuine* issues of fact exist as to whether he acted willfully and maliciously for purposes of section 523(a)(6).

Plaintiffs have proven that the issues on which they seek summary adjudication are identical to those litigated in the Wrongful Death Action.

### 3. Actually Litigated

Mr. Tom does not seriously dispute that the issues of his intoxication and of his willful and oppressive or malicious behavior were actually litigated in the Wrongful Death Action, nor could he. The parties tried Wrongful Death Action to a jury. The court of appeals affirmed the jury's verdict and judgment. Before commencing his appeal, Mr. Tom also raised these very issues in his MNT and MPJNOV, which the state court denied.

Choosing to ignore this reality, Mr. Tom claims that Ms. Wong's alleged perjury deprived him of the opportunity to litigate these issues fairly. The court rejects this notion because it finds Mr. Tom's characterization of Ms. Wong's 2012 testimony as perjurious wildly inaccurate at best, and at worst, a deliberate misrepresentation. Her testimony in 2018 did not materially differ from the testimony and other evidence received by the state court and its jury in 2012.

Plaintiffs have proven that the issues on which they seek partial summary judgment were actually litigated in the Wrongful Death Action.

### 4. Necessarily Decided

Mr. Tom raises the same specious, weak arguments in contending that the issues of his intoxication and of his willful and malicious or oppressive conduct were not necessarily decided in the Wrongful Death Action. The court rejects them once again here.

The jury received and considered evidence of Mr. Tom's intoxication and concluded that his choice to drink and drive while intoxicated constituted malicious and oppressive conduct that justified an award of punitive damages. The court of appeals affirmed. Mr. Tom placed these issues before the state court again through his MNT and MPJNOV. To suggest that these issues were not necessarily decided ignores reality.

Plaintiffs have proven that the issues of Mr. Tom's wrongful operation of a motor vehicle while intoxicated and of his willful and malicious or oppressive conduct were necessarily decided in the Wrongful Death Action.

### 5. Final Adjudication

Mr. Tom does not seriously dispute that the verdict and judgment entered in the Wrongful Death Action or that the orders denying his MNT and MPJNOV are final and were on the merits. Instead, he argues that because Ms. Wong perjured herself, the decisions reached by the state court and its jury cannot be deemed meritorious. As previously explained, the court firmly rejects Mr. Tom's characterization of Ms. Wong's testimony.

The verdict and judgment entered in the Wrongful Death Action were affirmed on appeal and are now final. Mr. Tom chose

not to appeal the state court's orders denying his MNT and MPJNOV and those orders are also final.

Plaintiffs have proven that the issues on which they seek partial summary judgment were subject to final orders on the merits in the Wrongful Death Action.

**6.  Public Policy**

The public policies underpinning the doctrine of collateral estoppel include "conserving judicial resources and promoting judicial economy by minimizing repetitive litigation, preventing inconsistent judgments which undermine the integrity of the judicial system, and avoiding harassment of parties through repeated litigation."[89]  Mr. Tom argues that applying the jury verdict and judgment and/or orders denying his MNT and MPJNOV to preclusive effect would undermine confidence in the judicial system because they were obtained through Ms. Wong's alleged perjury.  The court once again rejects Mr. Tom's characterization of Ms. Wong's 2012 testimony and therefore rejects his public policy arguments.

The jury entered a verdict in favor of Plaintiffs as to the very same issues on which they now seek summary adjudication. The court of appeals affirmed that verdict.  Mr. Tom also placed these same issues before the state court in his MNT and MPJNOV, which the state court denied.  Refusing to honor those final decisions on identical issues that were litigated on the merits by the same parties would harm the integrity of the judicial system, would unnecessarily burden the court and Plaintiffs with

---

[89] Murray v. Alaska Airlines, Inc., 50 Cal. 4th 860, 879 (2010) (citations omitted).

repetitive litigation, and would subject Plaintiffs to harassment. The public policy concerns underlying the doctrine of collateral estoppel strongly support its application here.

**B. Evidentiary Issues and Request for Judicial Notice**

As previously noted, the court orally overruled Mr. Tom's evidentiary objections at the outset of the July 21 hearing. It also sustained Plaintiffs' evidentiary objection to Exhibit D attached to Mr. Tom's declaration and overruled Mr. Tom's objections to the supplemental declaration and additional exhibits submitted by Plaintiffs in reply to his Opposition. The court reiterates those rulings here for the reasons stated on the record.

Mr. Tom vigorously insists that the jury's verdict and judgment, as well as the state court's orders denying his MNT and MPJNOV, are inadmissible hearsay. This is flatly incorrect. Prior orders and judgments are not hearsay to the extent offered as legally operative verbal conduct that determined the rights and duties of the parties.[90]

In addition, California law permits a court to take judicial notice of prior court orders and judgments for purposes of application of the doctrine of collateral estoppel.[91] The Federal Rules of Evidence also permit the court to take judicial

---

[90] U.S. v. Boulware, 384 F.3d 794, 806 (9th Cir. 2004) (citation omitted).

[91] Guarantee Forklift, Inc. v. Capacity of Texas, Inc., 11 Cal. App. 5th 1066, 1075-76 (2017).

notice of matters in the public record.[92]  Accordingly, the court hereby grants Plaintiffs' Request for Judicial Notice.[93]

### VII. Conclusion

Plaintiffs have proven that the jury's verdict and judgment, as well as the state court's orders denying Mr. Tom's MNT and MPJNOV are entitled to preclusive effect under the doctrine of collateral estoppel.  This means that Plaintiffs are entitled to summary adjudication on the issues of whether **(a)** Mr. Tom's operation of his motor vehicle was unlawful due to his intoxication by alcohol for purposes of section 523(a)(9); **and (b)** Mr. Tom behaved willfully and maliciously for purposes of section 523(a)(6).

Accordingly, the court **ORDERS** as follows:

**1.**  The Motion is hereby **GRANTED;**

**2.**  Plaintiffs' Request for Judicial Notice is hereby **GRANTED; and**

**3.**  Plaintiffs' counsel shall upload a proposed form of judgment on Plaintiffs' claims under sections 523(a)(9) and 523(a)(6).

**\*\*END OF ORDER\*\***

---

[92] <u>Hodges v. Hertz Corp.</u>, 351 F. Supp. 3d 1227, 1233 (N.D. Cal. 2018).

[93] Dkt. 90-3.

## Court Service List

Richard Tom
536 Green Street, #2
San Francisco, CA 94133