Entered on Docket
August 08, 2022
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 8, 2022

_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RICHARD TOM,<br><br>　　　　Debtor.<br>_____<br>MARK NG, KENDALL NG, and LORAINE WONG,<br><br>　　　　Plaintiffs,<br>v.<br><br>RICHARD TOM,<br><br>　　　　Defendant.<br>_____ | Case No. 19-31024 HLB<br><br>Chapter 7<br><br><br><br>Adv. Proc. No. 19-3065 HLB |

**ORDER TO SHOW CAUSE RE: CONTEMPT AND SANCTIONS**

On June 6, 2022, the court issued its Sixth Order Regarding Discovery Dispute.[1]  The Sixth Order required third party Kenesha Fudge to appear in her capacity as Trustee of the Moon Irrevocable Trust and testify at a continued deposition, which was to take place on or prior to June 30, 2022.  The Sixth Order also required Ms. Fudge to produce no later than June 17, 2022 **(a)** any and all communications in per possession or control between herself and Richard Tom, Louis Hop Lee, Justin Tom,

---

[1] Dkt. 103 (the "Sixth Order").

Garrett Tom, Ryland Tom, and Winnie Jiang; **and (b)** any and all documents in her possession or control that are responsive to a subpoena served by counsel for Plaintiffs Mark Ng, Kendall Ng, and Loraine Wong.

On July 7, 2022, the court received a letter from Plaintiffs' counsel detailing their efforts to obtain Ms. Fudge's compliance with the Sixth Order. Plaintiffs complain that Ms. Fudge has not appeared for her court-ordered continued deposition and has not produced the documents identified in the Sixth Order. Plaintiffs demanded that the court issue an order requiring Ms. Fudge to appear and show cause as to why she should not be held in contempt and sanctioned for her willful failure to comply with the Sixth Order.

After receiving Plaintiffs' counsel's July 7 Letter, the court invited Ms. Fudge to respond, which she did on July 11, 2022. As relevant to this discovery dispute, Ms. Fudge insists that she suffers from health problems that make it difficult for her to concentrate and testify. She does not deny that she failed to comply with the Sixth Order.

Where a party "fails to obey an order to provide or permit discovery," the court may impose sanctions under Civil Rule 37[2] and Bankruptcy Rule 7037. Such sanctions may include "Striking the pleadings in whole or in part" or directing that the matters

---

[2] Unless otherwise indicated, all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

embraced in the order are taken as established for purposes of the action, as the prevailing party claims.[3]

It is also well-established that a bankruptcy court has and may exercise civil contempt authority.[4] In order to hold a litigant in civil contempt, the court must find that they violated a specific and definite order of the court and that the litigant had notice of the terms of the order and of the fact that they would be sanctioned for noncompliance.[5] Sanctions for civil contempt must be either compensatory or coercive.[6]

Ms. Fudge has refused to comply with the Sixth Order, with which she was served. The Sixth Order warned that any failure to comply might result in the imposition of sanctions. Although Ms. Fudge suffers from health problems, vague, unspecific allegations of such issues are not sufficient to justify her failure to appear for a court-ordered continued deposition. Accordingly, the court believes that a finding of contempt and the imposition of discovery and/or contempt sanctions might be appropriate.

Accordingly, the court **ORDERS** as follows:

**1.** On **September 15, 2022** at **2:00 p.m.**, the court will convene a hearing to consider whether it should hold Ms. Kenesha Fudge in contempt and if so, whether it should impose contempt

---

[3] Civil Rule 37(b)(2)(A)(i) and (iii), as made applicable by Bankruptcy Rule 7037.

[4] Oliner v. Kontrabecki, 305 B.R. 510, 520 (9th Cir. 2004); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1190-91 (9th Cir. 2003).

[5] In re Hercules Enterprises, Inc., 387 F.3d 1024, 1027-28 (9th Cir. 2004) (citing In re Rainbow Magazine, 77 F.3d 278, 283 (9th Cir. 1996) and Dyer, 322 F.3d at 1190-91).

[6] In re Nguyen, 447 B.R. 268, 282 (B.A.P. 9th Cir. 2011).

Case: 19-03065   Doc# 145   Filed: 08/08/22   Entered: 08/08/22 11:42:40   Page 3 of 6

sanctions. The court also will consider whether discovery sanctions are appropriate, with or without a finding of contempt. Contempt or discovery sanctions could include, but are not limited to, an award of attorneys' fees and costs to Plaintiffs to compensate them for the expenses associated with their attempts to obtain compliance with the Sixth Order, or other monetary sanctions intended to coerce Ms. Fudge's compliance with the Sixth Order.

    **2.** The September 15, 2022 hearing will convene via Zoom. The court encourages all interested parties to consult the court's website for information concerning the status of court operations during the COVID-19 pandemic. The court's website also offers information explaining how to arrange an appearance at a video hearing. If you have questions about court operations or how to participate in a video hearing, you may contact the court by calling 888-821-7606 or by using the Live Chat feature on the court's website.

    **3.** If Ms. Fudge wishes to avoid being held in contempt and the imposition of contempt and/or discovery sanctions, she shall:

    **a.** Appear for and complete the continued deposition ordered by the Sixth Order on or prior to **September 2, 2022**;

    **b.** No later than **August 26, 2022**, produce to Plaintiffs' counsel all of the documents described in the Sixth Order;

    **c.** File a written response to this order no later than **September 6, 2022**. Ms. Fudge's response shall be executed under penalty of perjury, and shall not exceed 5 pages absent prior leave of court. This page limit does not apply to any exhibits

that Ms. Fudge might authenticate and introduce in her response; **and**

    **d.** Appear at the September 15 hearing set pursuant to this order.

    **4.** No later than **September 6, 2022,** Plaintiffs' counsel shall file and serve a declaration attesting to Ms. Fudge's compliance with Paragraph 3 of this order. Plaintiffs' counsel's declaration shall not exceed 5 pages, absent prior leave of court. This page limit does not apply to any exhibits introduced and authenticated by such declaration.

    **5.** Any failure to timely or fully comply with this order will result in a finding of contempt and in the imposition of sanctions against the noncompliant party.

**\*\*END OF ORDER\*\***

## Court Service List

Kenesha Fudge
103 Benji Court
Meridianville, AL 35759