Signed and Filed: August 8, 2022



_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge



# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>RICHARD TOM,<br>　　　　Debtor. | Case No. 19-31024 HLB<br>Chapter 7 |
| MARK NG, KENDALL NG, and LORAINE WONG,<br>　　　　Plaintiffs,<br>v.<br>RICHARD TOM,<br>　　　　Defendant. | Adv. Proc. No. 19-3065 HLB |

**ELEVENTH ORDER REGARDING DISCOVERY DISPUTE**

On June 8, 2022, the court issued its Seventh Order Regarding Discovery Dispute.[1] The Seventh Order required Defendant Richard Tom and Ms. Kenesha Fudge to provide the court with "an accurate email address for Ms. Bonita Miller" no later than June 15, 2022. Mr. Tom and/or Ms. Fudge had designated Ms. Miller as a witness for entities Green Oasis L.P. ("GOLP") and Pacific Golden Asia LLC ("PGA") under Civil Rule 30(b)(6) and

---

[1] Dkt. 108 (the "Seventh Order").

Bankruptcy Rule 7030[2] pursuant to this court's Third Order Regarding Discovery Dispute, entered March 31, 2022.[3] The Third Order also required GOLP and PGA to make their newly designated witness available for deposition on or prior to May 31, 2022.

After receiving the Third Order, Mr. Tom and Ms. Fudge designated Ms. Miller as GOLP and PGA's Civil Rule 30(b)(6) witness, but failed to provide Plaintiffs' counsel with any contact information for Ms. Miller. This prompted the issuance of the Seventh Order.

Mr. Tom and Ms. Miller failed to comply with the Seventh Order, which forced the court to issue an Order to Show Cause Re: Contempt and Sanctions on June 21, 2022.[4] The First OSC warned that the court would hold respondents in contempt and would impose discovery and/or contempt sanctions against them if they failed to respond by July 1, 2022. The court ordered that any such response must include current, accurate street and email addresses for Ms. Miller.

Defendant Richard Tom responded to the First OSC on June 22, 2022.[5] Mr. Tom claims not to know Ms. Miller and claims not to have any contact information for her. He asks the court to direct its request to Ms. Fudge.

---

[2] Unless otherwise indicated, all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

[3] Dkt. 78 (the "Third Order").

[4] Dkt. 120 (the "First OSC").

[5] Dkt. 122.

Ms. Fudge responded to the First OSC on June 30, 2022.[6] The first page of Ms. Fudge's response sets forth a telephone number, an email address, and a street address that Ms. Fudge attributes to Ms. Miller. The next page of Ms. Fudge's response consists of a short letter, which indicates that she emailed Ms. Miller's contact information to Plaintiffs' counsel on June 26, 2022, weeks after that information was required by the Seventh Order. Ms. Fudge appears to suggest that her health problems prevented her from timely complying with the Seventh Order (although she by no means states that directly), as she attaches to her letter (in violation of the First OSC's instructions not to submit exhibits with any response) two documents which appear to pertain to emergency room visits Ms. Fudge made on June 30, 2022 and May 7, 2022.

On July 14, 2022, the court received yet another letter from Plaintiffs' counsel. This letter represents that Ms. Miller appeared on July 14, 2022 for deposition as GOLP's representative under Civil Rule 30(b)(6). According to Plaintiff's counsel, Ms. Miller testified that she had no knowledge of any of the 27 topics set forth in the relevant subpoena, had not read the subpoena, and had no familiarity with GOLP, its operations, or its financial affairs. Plaintiffs' counsel argues that, by designating and producing a witness wholly unprepared to answer questions, GOLP and PGA have failed to comply with the Third Order.

---

[6] Dkt. 130.

Plaintiffs' counsel renewed their request for designation of a competent witness under Civil Rule 30(b)(6), demanded permission to file a motion for contempt and sanctions (ignoring the First OSC), and demanded that the court suspend all discovery deadlines.

On July 15, 2022, the court received a response to Plaintiffs' counsel's July 14 Letter from Ms. Fudge. Ms. Fudge accuses Plaintiffs' counsel of harassment and oppression and argues that the discovery that Plaintiffs seek is unnecessary and that she has tried repeatedly to provide Plaintiffs with the information they seek. Ms. Fudge claims that, prior to Ms. Miller's deposition, she prepared and reviewed with Ms. Miller a spreadsheet reflecting GOLP's income and expenses, along with information pertaining to the current tenants at the building owned in part by GOLP.

The descriptions of Ms. Miller's preparedness offered by Plaintiffs' counsel and by Ms. Fudge differ dramatically, and on the current record, the court has no ability to determine whose version of the story is accurate. It also appears that Mr. Tom and Ms. Fudge have finally complied with the Seventh Order, and that the First OSC can be vacated. Accordingly, the court **ORDERS** as follows:

**1.** The First OSC is hereby **VACATED**.

**2.** No later than **August 19, 2022**, Plaintiffs' counsel shall file a declaration introducing and authenticating a complete copy of the transcript from Ms. Miller's July 14 deposition as GOLP's witness under Civil Rule 30(b)(6).

3. After reading the deposition transcript, the court will issue a further order.

4. Neither Ms. Fudge nor Plaintiffs shall transmit to the court or file any additional or supplemental materials relating to this discovery dispute absent prior leave of court.

5. Failure to timely or fully comply with this order shall result in the imposition of sanctions.

**\*\*END OF ORDER\*\***

## Court Service List

Kenesha Fudge
103 Benji Court
Meridianville, AL 35759

Bonita Miller
912 Winchester Road, Suite 2
Huntsville, AL 35811