Signed and Filed: August 17, 2022



_____
**HANNAH L. BLUMENSTIEL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 19-31024 HLB |
| RICHARD TOM, | Chapter 7 |
|     Debtor. | |
| MARK NG, KENDALL NG, and LORAINE WONG, | Adv. Proc. No. 19-3065 HLB |
|     Plaintiffs, | |
| v. | |
| RICHARD TOM, | |
|     Defendant. | |

**TWELFTH ORDER REGARDING DISCOVERY DISPUTE**

On August 8, 2022, the court issued its Eleventh Order Regarding Discovery Dispute.[1] The Eleventh Order outlined the significant difficulties the Plaintiffs have faced in obtaining the testimony of a competent witness on behalf of Green Oasis L.P. ("GOLP") and Pacific Golden Asia LLC ("PGA") pursuant to Civil Rule 30(b)(6),[2] which applies in this action under

---

[1] Dkt. 146 (the "Eleventh Order").

[2] Unless otherwise indicated, all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure and all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure.

Bankruptcy Rule 7030. The court will not repeat those facts here.

As described in the Eleventh Order, Plaintiffs insist that GOLP and PGA have failed to comply with the court's prior orders requiring them to designate a competent witness. They assert that GOLP and PGA's witness designee, Ms. Bonita Miller, was not prepared properly for her July 14, 2022 deposition on behalf of GOLP. Plaintiffs demand that the court once again order GOLP and PGA to designate a competent witness, and that the court permit them to file a motion for sanctions. Through their alleged manager, Ms. Kenesha Fudge, GOLP and PGA contested Plaintiffs' characterization of Ms. Miller's competence as a witness and urged the court to deny the relief sought.

To facilitate the court's assessment of Ms. Miller's preparedness for her July 14, 2022 deposition as GOLP's witness designee under Civil Rule 30(b)(6), the Eleventh Order required Plaintiffs to provide a transcript of that deposition. Plaintiffs timely complied,[3] and the court has read the transcript.

It is clear from Ms. Miller's testimony that GOLP and its alleged manager, Ms. Fudge, did next to nothing to prepare Ms. Miller to testify on GOLP's behalf. Ms. Miller testified that she had "no information" about any of the 28 topics identified in the relevant deposition subpoena,[4] which served as Exhibit 3 in

---

[3] Dkt. 149 (Declaration of Kathryn Diemer Authenticating Full Deposition Transcript of Bonita Miller), Ex. 1 (Certified Transcript of Deposition via Zoom of Person Most Knowledgeable for [GOLP] – Bonita Miller (July 14, 2022) (the "Miller Tr.")).

[4] Miller Tr. at 58:18-70:19 (transcript pagination).

her July 14 deposition and which the court has reviewed. A corporate entity such as GOLP has a "duty to educate its witnesses so that they are prepared to fully answer the questions posed at the deposition."[5] GOLP entirely failed to fulfill its obligation under Civil Rule 30(b)(6).

That said, many of the topics identified in the deposition subpoena are irrelevant to this proceeding. The only cause of action that the court has not yet adjudicated is Plaintiffs' claim under section 523(a)(2)(A), pursuant to which they seek a judgment declaring nondischargeable debts arising from the following pre-petition transfers, in which Plaintiffs allege that Defendant Richard Tom engaged with intent to hinder and delay Plaintiffs' efforts to collect a pre-petition judgment:

- November 16, 2007 Transfer of 50% interest in real property located at 532-536 Green Street, San Francisco to GOLP;
- Transfer of 4% interest in GOLP to Giovanni Torrocca;
- Transfer of 32% interest in GOLP to Ms. Winnie Jiang[6]; and
- Transfer of 14% interest in GOLP to God's Grace Irrevocable Trust.

---

[5] Louisiana Pac. Corp. v. Money Market 1 Institutional Inv. Dealer, 285 F.R.D. 481, 486 (N.D. Cal. 2012) (quoting Bowoto v. Chevron Texaco Corp., 2006 WL 294799, *1 (N.D. Cal. 2006)).

[6] On February 16, 2022 (Dkt. 45; the "Feb. 16, 2022 Order"), the court granted Plaintiffs' Motion for Summary Adjudication. As relevant to this Order, the Feb. 16, 2022 Order concluded that Mr. Tom's transfer of a 32% interest in GOLP to Ms. Winnie Jiang was intentionally fraudulent and that a debt equal to the value of such interest was nondischargeable under section 523(a)(2)(A). The value of that 32% interest has yet to be adjudicated.

Many of the topics on which Plaintiffs sought to question Ms. Miller have nothing to do with the foregoing transfers. Specifically, the court finds and concludes that topics 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 are not relevant to this action. The other topics (Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 14) most certainly are relevant.

Given the foregoing, the court **ORDERS** as follows:

**1.** No later than **September 30, 2022**, Ms. Bonita Miller, as GOLP's witness designee under Civil Rule 30(b)(6), shall appear for a continued deposition. Such deposition may take place in-person or via Zoom, as the parties might agree.

**2.** GOLP shall fully and completely prepare Ms. Miller to testify on topics 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 14 set forth in the deposition subpoena[7]; **and**

**3.** Failure to timely and fully comply with this order will result in sanctions. Such sanctions might include, but are not limited to, a finding of contempt and the imposition of monetary sanctions against GOLP and/or its alleged manager, Ms. Kenesha Fudge.

**\*\*END OF ORDER\*\***

---

[7] Miller Tr., Ex. 3.

## Court Service List

Bonita Miller
912 Winchester Road, Suite 2
Huntsville, AL 35811

Bonita Miller
4219 Teejay Drive
Huntsville, AL 35810

Kenesha Fudge
103 Benji Court
Meridianville, AL 35759

Richard Tom
536 Green Street, #2
San Francisco, CA 94133